Erma GARNER, Individually and as Administratrix of the Estate of Melissa Wileman, Deceased, Plaintiff,

v.

CAPITAL BLUE CROSS
and Pennsylvania Blue
Shield, Defendants.

Civ. A. No. 1:CV–94–0218.

United States District Court,
M.D. Pennsylvania.

July 13, 1994.

**146**

Pamela Green Shuman, Angino & Rovner, P.C., Harrisburg, PA, for plaintiffs.

James J. Kutz, Eckert, Seamans, Cherin & Mellott, Douglas J. Davison, Harrisburg, PA, for defendant Capital Blue Cross.

Randall Glenn Gale, Thomas, Thomas & Hafer, Harrisburg, PA, for defendant Pennsylvania Blue Shield.

## MEMORANDUM

CALDWELL, District Judge.

We are considering the motions for summary judgment filed by Defendants, Capital Blue Cross ("Blue Cross") and Pennsylvania Blue Shield ("Blue Shield"). We exercise

jurisdiction according to 28 U.S.C. §§ 1331 and 1332.

### I. *Facts and Procedural History*

This case arises from the death of Melissa Wileman, a young woman who was diagnosed in June, 1992, with peripheral neuroectodermal cancer.[1] Physicians placed Ms. Wileman on chemotherapy and the treatment decreased the size of her tumor by nearly 70 per cent. Her physicians suggested that her only remaining opportunity to entirely eliminate the cancer was to undergo a bone-marrow transplant.

Ms. Wileman was employed by Lyon Fashions, Inc. ("Lyon"), a clothing manufacturer based in Pennsylvania. Defendant Capital Blue Cross provided benefits to Lyon employees. *See* Plan, Exh. A to the Amended Complaint. Capital Blue Cross initially declined to precertify the procedure, determining that it was experimental and, therefore, not covered by the Lyon policy. After receiving communication from the Pennsylvania Insurance Department and Ms. Wileman's counsel, Blue Cross reconsidered its earlier position and indicated to Ms. Wileman's counsel that it would pay for the treatment. It asserted that its decision was based on an exception in the plan and that it continued to believe its earlier refusal was correct. *See* Letter of 6/18/93 from Mary Jane Forbes to Pamela G. Shuman, Esq. However, while preparing for the bone-marrow transplant in June, 1993, doctors determined that Ms. Wileman was too weak to undergo the procedure. Ms. Wileman died on September 15, 1993.

On January 21, 1994, Plaintiff Erma Garner, individually as Ms. Wileman's mother and as administratrix of her daughter's estate, filed a complaint in the Court of Common Pleas of Dauphin County, Pennsylvania. She alleged causes of action against Blue Cross and Blue Shield. By notice of February 14, 1994, Defendants removed the case, asserting that it falls within the ambit of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Plaintiff moved to remand and Defendants moved to dismiss and we denied the motions

---

**1.** We draw our description of the facts from the complaint.

in our Memorandum and Order of April 15, 1994. We also permitted Plaintiff the opportunity to amend her complaint so that it might more clearly set forth her causes of action. Plaintiff filed an amended complaint on April 29, 1994, and both Defendants have moved for summary judgment, asserting that the causes of action plead by the amended complaint are preempted by ERISA.

## II. *Law and Discussion*
### A. *The Amended Complaint*

In our Memorandum and Order of April 15, 1994, we suggested that Plaintiff amend her complaint to "more clearly indicate which causes of action she is pursuing." As Blue Cross notes in its brief, the amended complaint is plead in the same manner as the original complaint and we agree with Defendants that the amended complaint is confusing. It sets out eight "counts" and four "claims." The "counts" only obliquely indicate the asserted causes of action while the "claims" are labeled "wrongful death," "survival action," "bad faith," and "emotional distress." We are unfamiliar with this pleading technique and share Defendants' concerns. In defending against a complaint, a defendant must be able to readily determine what is alleged. Here, Defendants (and the Court) are left to guess what Plaintiff intends to assert, particularly because several of the "counts" and "claims" appear to be duplicative. For example, Count III avers

> 50. The Defendants are responsible for the negligent and/or intentional infliction of emotional distress suffered by both Melissa Wileman and Erma Garner based upon their contemporary sensory perceptions of the Defendants' negligent denial and/or delay in granting pre-authorization for Melissa Wileman's bone marrow transplant.

Claim IV avers

> 93. Based upon the negligent and/or intentional infliction of emotional distress, Plaintiffs are entitled to compensation from the Defendants for the emotional distress suffered plus punitive damages, attorney's fees and costs.

These assertions appear to be redundant, as are Count IV and Claim III (bad faith) and Count II and Count VII (negligence).[2]

A complaint which is prolix or confusing makes it difficult for a defendant to fairly defend and it unnecessarily erects hurdles to an orderly and efficient disposition of the case. *See Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 776 (7th Cir.1994). Indeed, some courts have dismissed such complaints for failure to comply with Fed.R.Civ.P. 8(a) and (e). *See Alfano v. Whitmore,* No. 79 C 5394 (N.D.Ill. April 29, 1980). We are not inclined to take such this action, although we must conclude that Plaintiff did not heed the message in our Memorandum and Order of April 15, 1994. We will consider the motions for summary judgment and revisit the pleading issue if necessary.

### B. *The Motions for Summary Judgment*

Summary judgment is appropriate when there remain no genuine issues as to any material facts and judgment may be entered as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When a movant submits that there is no genuine issue as to a material fact, its opponent must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd., et al. v. Zenith Radio Corp., et al,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Defendants argue that the employee-benefit plan offered by Ms. Wileman's employer, Lyon Fashion, Inc., is governed by ERISA. With the exception of her previously filed motion to remand, Plaintiff does not deny that conclusion. *See* 29 U.S.C. § 1003(a)(1).

### 1. *Preemption*

The crux of the current motions is Defendants' argument that all of the allegations of the amended complaint recite state-law causes of action that are preempted by ERISA. *See* 29 U.S.C. § 1144(a).

---

**2.** Counts VII and VIII seem to allege some variations of negligent or intentional infliction of emo-

tional distress. Count VII could be construed to assert a negligence claim.

In enacting ERISA, Congress included a broad preemption of state law claims:

### (a) Supersedure; effective date

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect January 1, 1975.

### (b) Construction and application

\*       \*       \*       \*       \*       \*

(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

\*       \*       \*       \*       \*       \*

(B) Neither an employee benefit plan described in section 1003(a) of this title . . . nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer . . . for purposes of any law of any State purporting to regulate insurance companies . . .

29 U.S.C. § 1144. A number of United States Supreme Court decisions have construed the ERISA preemption clause. The Court has held that the enforcement provisions of ERISA are sufficiently broad to indicate a congressional intent that almost all state-law claims be preempted. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Section 1144(b)(2)(A), known as the "saver" clause, works to allow certain state insurance laws to survive the ERISA preemption. *Metropolitan Life Insur. Co. v. Massachusetts,* 471 U.S. 724, 732, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985). However, the exception provided by the "saver" clause is itself limited by § 1144(b)(2)(B), which is known as the "deemer" clause because it deems certain benefit plans not to be insurance plans subject to state regulation and, therefore, not "saved" from ERISA preemption. The Court recently delineated which benefit plans qualify for the "deemer" clause exemption. *FMC Corp. v. Holliday,* 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). The Court held that the deemer clause exempts self-funded ERISA plans from state laws regulating insurance. *Id.,* 498 U.S. at 60, 111 S.Ct. at 409, 112 L.Ed.2d at 366. The Supreme Court has also held that other state-law or common-law claims are preempted by ERISA. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

### 2. Count II

Count II of the amended complaint asserts that

43. Defendants Capital Blue Cross and Pennsylvania Blue Shield acted negligently with respect to Melissa Wileman by . . .

We construe this to assert a claim of negligence. As such, we find that it is preempted by 29 U.S.C. § 1144 and we will grant judgment on that count.[3]

### 3. Counts III, VII, and VIII, and Claim IV

Counts III, VII, and VIII and Claim IV appear to assert causes of action for negligent or intentional infliction of emotional distress. These claims as well are preempted. *Pane v. RCA Corp.,* 868 F.2d 631, 635 (3d Cir.1989).[4]

### 4. Count IV and Claim III

Count IV and Claim III assert that Defendants denied Ms. Wileman's claim in bad faith. *See* 42 Pa.Cons.Stat. § 8371. While the United States Court of Appeals for the Third Circuit has not addressed the issue of whether ERISA preempts such a claim,

---

3. Although we will discuss Count VII later in this Memorandum, we note that, to the extent that it makes a negligence claim, it is preempted.

4. These allegations also assert that Ms. Wileman's mother suffered severe emotional distress. The fact that a party other than the plan participant claims emotional distress does not preserve the claims from preemption. *See Kuhl v. Lincoln National Health Plan,* 999 F.2d 298, 303–04 (8th Cir.1993). The actions of which she complains were the denial of benefits and, thus, the claim "relates to" an ERISA plan. *Id.* Put another way, Mrs. Garner's emotional distress would stem from the claim denial.

we agree with the numerous district courts that have found such claims preempted. *See Rallis v. Trans World Music Corp.*, No. 93–6100, 1994 WL 96264 at *4 (E.D.Pa. March 25, 1994) (collecting cases). Thus, we find Count IV and Claim III preempted.

### 5. Count V

■ Count V asserts a cause of action for fraud. Again, such a common-law claim is preempted. *See Elmore v. Cone Mills Corp., et al*, 23 F.3d 855 (4th Cir.1994); *Glasgow v. Ken J. Pezrow Corp., et al.*, No. 91–1528, 1991 WL 209799 at *1, 1991 U.S.Dist. LEXIS 14643 at *2 (E.D.Pa. Oct. 9, 1991).

### 6. Count VI

■ Count VI alleges that Defendants violated their covenants of good faith and fair dealing by denying Ms. Wileman's claim. Such claims are preempted by ERISA. *Pane*, 868 F.2d at 635.

### 7. Claim I

Claim I asserts a cause of action for wrongful death. ERISA preempts wrongful death claims. *See Kolb v. Livengrin Foundation, Inc.*, No. 92–01703, 1992 WL 333592 at *5 (E.D.Pa. Nov. 9, 1992).

### 8. Claim II

■ Claim II is a survival action brought on behalf of the estate of Ms. Wileman according to 42 Pa.Cons.Stat.Ann. § 8302. As with the other common-law or state-law claims, any cause of action here would arise from Defendants' decision regarding Ms. Wileman's claim. Thus, it relates to an ERISA plan and is preempted by the federal statute. *See Dukes v. United States Health Care Systems of Pennsylvania, Inc.*, 848 F.Supp. 39, 41 (E.D.Pa.1994). We will dismiss Claim II.

### 9. Count I

We have reserved our examination of Count I until we considered the other parts of the complaint. Count I is the heart of this complaint and it is, in some ways, the most troubling.

■ Count I clearly contains language sounding in contract law.

40. Defendants Capital Blue Cross and Pennsylvania Blue Shield breached their contracts of insurance with Melissa Wileman by ...

ERISA preempts actions for breach of contract. *Pilot Life*, 481 U.S. at 45, 107 S.Ct. at 1552; *see also, Booz v. Unum Life Insurance Co.*, No. 93–2326, 1993 WL 313372 at *1 (E.D.Pa. July 29, 1993). We are reluctant, however, to assume that Plaintiff means to assert a common-law breach of contract claim rather than an ERISA claim under 29 U.S.C. § 1132.[5]

In reviewing a motion such as this, we are to view the complaint in the light most favorable to the plaintiff. Here, Plaintiff avers that

> [Defendants breached the contract of insurance by] ... acting in an arbitrary and capricious manner in denying and/or delaying pre-authorization for Melissa Wileman's bone marrow transplant ...

Amended Complaint at ¶ 40. A district court should approach an ERISA case bearing in mind the broad purposes of ERISA. *Bixler, supra.* Nevertheless, we must agree with Defendants that Plaintiff has failed to properly plead an ERISA case.

ERISA is, in large measure, an equitable statute. *Mertens v. Hewitt Associates,* —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). As such, its civil remedies provisions contemplates equitable actions such as injunctions, restitution, and mandamus. ——

---

**5.** Plaintiff argues at length about the merits of the case; *i.e.*, whether the procedure requested was, actually, experimental. That issue is not now before the Court. A preemption argument does not implicate the substance of a claim. Further, it is not clear why, at this stage of the litigation, Plaintiff cites *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund*, 12 F.3d 1292 (3d Cir.1993). *Bixler* dealt with the avail-

ability of certain causes of action within ERISA. Here, Plaintiff contends that Ms. Wileman was due certain benefits of the insurance plan. Such an action is certainly recognized within ERISA. *See* 29 U.S.C. § 1332. The question here is whether Plaintiff has plead a common-law breach-of-contract claim (which would be preempted) or a proper ERISA claim.

U.S. at ——–——, 113 S.Ct. at 2064–66, 124 L.Ed.2d at 165–66. Those provisions do not provide for awards of money damages. *Id.* Importantly, Plaintiff's claim, sounding as it does in contract law, seeks damages. Because Plaintiff did not actually incur medical expenses, restitution would be inappropriate and, because Ms. Wileman did not survive, any request for an injunction would be moot.[6]

To the extent that Plaintiff seeks to have the court construe her claim as an ERISA action, we decline. Plaintiff has neither sought, nor been granted, leave to amend her complaint. Fed.R.Civ.P. 15. She has, however, already had the opportunity to amend her complaint to plead an ERISA case in this court and has not done so. To either construe her claim as an ERISA claim or to allow her to amend at this late date would prejudice the Defendants. Further, as noted, ERISA does not contemplate an action such as that brought here. Thus, any amendment would be subject to a motion to dismiss. *Unger v. Nat'l Residence Matching Program,* 928 F.2d 1392 (3d Cir.1991).

Given these two conclusions, we will grant summary judgment as well on Count I.

We will issue an appropriate order.

---

**6.** We are not unaware that medical providers often decline to render expensive treatment unless it is guaranteed by an insurer. The injunctive relief available under ERISA was almost certainly, in part, intended to address that situation.