**Joanne WHALEN, Plaintiff,**

v.

**WYMAN–GORDON COMPANY, Defendant.**

**Civil Action No. 95–40206–NMG.**

United States District Court, D. Massachusetts.

Sept. 26, 1997.

James J. Gribouski, Law Office of James J. Gribouski, Worcester, MA, Herbert F. Travers, III, Travers, Murphy & O'Connor, Worcester, MA, for Plaintiff.

Joan O. Vorster, Joseph M. Hamilton, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Plaintiff, Joanne Whalen, brought this suit against Wyman–Gordon Company ("Wyman Gordon"), for breach of fiduciary duty under ERISA, 29 U.S.C. § 1001 *et seq,* and, more specifically for failure to locate forms on which she was named by her late husband, Donald Whalen, as beneficiary of his group life insurance policy and a savings and investment plan ("401(k) plan"). Joanne Whalen also claims Wyman–Gordon is liable to her for negligence, breach of contract and negligent infliction of emotional distress. Pending before this Court are the parties' cross motions for summary judgment.

### I. *Background*

The following facts are undisputed. Donald Whalen was an employee of Wyman–Gordon from 1949 until 1990. As an employee and later as a retiree from Wyman–Gordon, Mr. Whalen received certain benefits from a life insurance policy and a 401(k) plan.

In May, 1988, Mr. Whalen, then divorced, re-married Joanne Whalen ("Mrs.Whalen"). Sometime in 1990 or 1991, Mr. Whalen signed forms designating Mrs. Whalen the beneficiary of his life insurance and the 401(k) plan. Although Leslie E. Duhamel, Wyman–Gordon's Corporate Benefits Supervisor, witnessed the execution of the beneficiary designation forms by Mr. Whalen, Wyman–Gordon has been unable to locate those forms.

In 1992, Mr. Whalen died of bladder cancer. Because Mr. Duhamel had witnessed and acknowledged the designation of Mrs. Whalen as Mr. Whalen's beneficiary, Wyman–Gordon paid the life insurance benefits and the 401(k) plan benefits to Mrs. Whalen. The 401(k) plan provided that, at the time of Mr. Whalen's death, the beneficiary of the proceeds of the plan would be the person designated by Mr. Whalen, in writing, in the proscribed manner. In default of any designation at the time of death, the beneficiary was to be Mr. Whalen's surviving spouse. The life insurance policy also provided for the designation, in writing, of the beneficiary of the life insurance.

In connection with the probating of Mr. Whalen's will, Mr. Whalen's daughter, Cynthia Rochford, filed a petition in equity in the Probate Court to determine the proper recipient of the proceeds of the life insurance policy and the 401(k) plan. After a hearing on the merits at which Mr. Duhamel testified regarding Mr. Whalen's designation and the whereabouts of the beneficiary forms, the Probate Court found that the payment of the proceeds of the life insurance policy and the 401(k) plan to Mrs. Whalen was erroneous.

On May 22, 1995, Mrs. Whalen and Ms. Rochford entered into an Agreement for Judgment, which was allowed by the Probate Court, under which Mrs. Whalen agreed to pay Ms. Rochford the sum of $164,000. Mrs. Whalen then commenced this action against Wyman–Gordon to recover that amount.

### II. *Analysis*

#### A. Standard of Review

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most hospitable to the non-moving party in the respective motions and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993).

#### B. Breach of Fiduciary Duty

■ Mrs. Whalen alleges that Wyman–Gordon breached the fiduciary duty owed to her under ERISA because it was unable to locate the forms designating her as beneficiary. Subject to limited exceptions,

a fiduciary shall discharge his duties with respect to a plan ... with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man

acting in a like capacity and familiar with such matters would use

29 U.S.C. § 1104(a)(1)(B).

Wyman–Gordon's duty with respect to the plan was to effect the change of beneficiary requested by Mr. Whalen. Wyman–Gordon fulfilled that duty by 1) having Mr. Whalen fill out the appropriate forms and 2) having Mr. Duhamel subsequently testify in Probate Court that Mr. Whalen had properly executed the appropriate forms designating Mrs. Whalen as his beneficiary.

Wyman–Gordon's failure to locate the forms themselves does not constitute a breach of fiduciary duty because a change of beneficiary becomes effective as a matter of law when the insured complies with the change of beneficiary requirements. *See Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554, 567–68 (4th Cir.1994); *Lundeen v. Cordner*, 354 F.2d 401, 409–10 (8th Cir.1966). Mr. Whalen's designation of Mrs. Whalen as his beneficiary became effective when he completed the forms, regardless of whether Wyman–Gordon could subsequently locate the forms. Wyman–Gordon thus fulfilled its fiduciary duty. Because the facts underlying Mrs. Whalen's claim are undisputed, there is no genuine issue as to any material fact with respect to either motion for summary judgment.

### C. ERISA Preemption

■ ERISA preempts all state laws that "relate to" employee welfare benefits plans, including any common law claims. *See* 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556–57, 95 L.Ed.2d 39 (1987). The preemption provision of ERISA is extremely broad. *Pilot Life*, 481 U.S. at 45–46, 107 S.Ct. at 1552 ("the express preemption provisions of ERISA are deliberately expansive"). *See also Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir.1994) (claim preempted if it has a connection with an ERISA plan).

Mrs. Whalen contends that Wyman–Gordon negligently administered the employee benefit plans at issue in this case. Her claim relates to the ERISA plan and is therefore preempted. *See Wickman v. Northwestern National Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir.), *cert. denied,* 498 U.S. 1013, 111 S.Ct. 581, 112 L.Ed.2d 586 (1990); *Camire v. Aetna Life Ins. Co., Inc.*, 822 F.Supp. 846, 850 (D.N.H.1993).

Mrs. Whalen also contends that the employee benefit plan constituted a contract between her and Wyman–Gordon and that Wyman–Gordon breached that contract. That claim is also preempted by ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62, 107 S.Ct. 1542, 1545–46, 95 L.Ed.2d 55 (1987) (suit for breach of contract regarding payment of benefits preempted by ERISA); *Wickman*, 908 F.2d at 1082; *Camire*, 822 F.Supp. at 850.

Finally, Mrs. Whalen asserts that Wyman–Gordon negligently inflicted emotional distress upon her as a result of its administration of the employee benefits plan. ERISA preempts that claim as well. *See Taylor*, 481 U.S. at 62, 107 S.Ct. at 1545–46 (mental anguish claims preempted by ERISA); *Garner v. Capital Blue Cross*, 859 F.Supp. 145, 148 (M.D.Pa.1994), *aff'd*, 52 F.3d 314 (3rd Cir.1995) (negligent infliction of emotional distress preempted).

### ORDER

For the foregoing reasons:

1) Plaintiff's Motion for Summary Judgment is **DENIED;** and

2) Defendant's Motion for Summary Judgment is **ALLOWED.**

So ordered.