ESTATE of Joan Audrey COGGINS, by her personal representative, Kelly Sue MADIS, (Daughter), Plaintiff,

v.

WAGNER HOPKINS, INC., United Wisconsin Life Insurance Co. and American Medical Security, Inc., Defendants.

No. 01–C–199–C.

United States District Court, W.D. Wisconsin.

Dec. 13, 2001.

Brian H. Wright, Eau Claire, WI, for Estate of Joan Audrey Coggins.

J. Drew Ryberg, Kelly & Ryberg, S.C., Eau Claire, WI, for Wagner Hopkins, Inc.

Richard P. Carr, Reinart, Boerner, Van Deuren, Milwaukee, WI, for American Medical Security, Inc. and United Wisconsin Life Insurance.

## OPINION AND ORDER

CRABB, Chief Judge.

In this civil action for monetary and injunctive relief, plaintiff Estate of Joan Audrey Coggins, by her personal representative and daughter Kelly Sue Madis, contends that defendants Wagner Hopkins, Inc., United Wisconsin Life Insurance Co. and American Medical Security, Inc. denied coverage of Coggins's health insurance benefits and breached their fiduciary duty in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461. Jurisdiction is present under 28 U.S.C. § 1331.

In an order entered on August 3, 2001, plaintiff was granted leave to amend its original complaint in which it had asserted claims for bad faith, negligent infliction of emotional distress and violation of Wis. Admin. Code § INS 8.68 in order to state a cause of action under ERISA. In the same order, I granted defendants' motion to dismiss plaintiff's claim for violation of § INS 8.68 on the ground that the statute does not provide a private cause of action. On August 22, 2001, plaintiff filed its amended complaint in which it recharacterized its remaining claims under ERISA.

Presently before the court are cross-motions for summary judgment filed by plaintiff and defendants United and American. (I am disregarding the two motions for summary judgment filed by defendant Wagner and defendants American and United before plaintiff amended its complaint because they are based on the original complaint.) Because I find that defendants must pay only those medical expenses that Coggins actually incurred between the time defendants terminated her insurance coverage and the time she was able to obtain insurance through the state and that Coggins must pay a premium in order to recover those denied benefits, I will grant plaintiff's motion for summary judgment in part and grant defendants' motion for summary judgment in part. If plaintiff chooses to pay defendants American and United $633.47 in premiums for the six-week pe-

riod during which Coggins did not have insurance, it may recover benefits that Coggins actually incurred during that period. In addition, because I find that defendants do not owe plaintiff a fiduciary duty under ERISA, I will grant defendants' motion for summary judgment as to this claim. Finally, plaintiff's request for attorney fees will be denied.

From the proposed findings of fact submitted by the parties, I find the following facts to be material and undisputed.

### FACTS

Plaintiff Estate of Joan Audrey Coggins is represented by Coggins's daughter, Kelly Sue Madis. Coggins was an employee of defendant Wagner Hopkins, Inc., a Wisconsin corporation that owned and operated two bowling alleys (Wagner's East and Wagner's West) in Eau Claire, Wisconsin. Defendant United Wisconsin Life Insurance Co. is an insurance company providing group health insurance policies. Defendant American Medical Security, Inc. administers group health insurance plans issued by defendant United.

Coggins worked as a bartender at Wagner's East for 22 years. In 1999, Coggins was an insured under defendant Wagner's group health insurance policy, which provided coverage for medical and prescription drug expenses. Defendant United was the insurer of the policy and defendant American was the administrator. In June 1999, Coggins was diagnosed with cancer. In September 1999, she resigned from defendant Wagner after she learned that her cancer was terminal.

Coggins notified defendants Wagner and American that she wanted to continue her health insurance coverage by exercising her rights under the Comprehensive Omnibus Budget Rehabilitation Act and Wis. Stat. § 632.897. Defendants Wagner and American confirmed with Coggins that she was eligible to continue her health insurance coverage under COBRA and defendant American agreed to administer Coggins's COBRA benefits. Coggins's monthly premium for her continuation coverage was $422.31. Coggins remained current on her health insurance premiums through May 2000.

On April 30, 2000, defendant Wagner terminated its group health insurance coverage with defendants United and American. On May 15, 2000, defendant American sent Coggins a letter, stating that it had terminated her health insurance coverage effective April 30, 2000. Defendant American refunded to Coggins all premium payments made on her behalf that it had received after April 30, 2000.

At the time that Coggins received the termination of insurance letter, she was nearing the recommended peak dosage for Thalomid. After receiving the letter, Coggins became concerned that she could no longer afford to pay for her medical care and medication without health insurance benefits. As a result, Coggins canceled doctor's appointments and reduced her doses of pain medication and Thalomid, a medication that slows the growth of cancerous tumors.

After defendant American notified Coggins that it had terminated her health insurance coverage, Coggins's family members contacted counsel for defendant Wagner, who provided Coggins with information about the Wisconsin Health Insurance Risk Sharing Plan. Coggins applied for coverage immediately but did not receive confirmation that she was approved for the plan until June 2000, after six weeks without insurance.

On June 13, 2000, Coggins filed a complaint with the State of Wisconsin Office of the Commissioner of Insurance, stating that defendant Wagner had terminated

her health insurance coverage improperly. On or about July 11, 2000, defendant American sent Coggins a letter in which it demanded payment of $1330.20 by July 31, 2000. On July 20, Coggins paid the sum. In a letter dated September 27, 2000, the Office of the Commissioner of Insurance asked defendants United and American to reinstate Coggins's continuation coverage retroactively. In a letter to Coggins dated October 6, 2000, defendant American acknowledged that it had acted improperly in terminating her continuation under CO-BRA and offered to reinstate her continuation coverage retroactively. On November 3, 2000, Coggins died without having responded to defendant American's offer of reinstatement.

## OPINION

### A. *Summary Judgment Standard*

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Weicherding v. Riegel,* 160 F.3d 1139, 1142 (7th Cir.1998). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### B. *ERISA Claims*

The Employee Retirement Income Security Act applies to "any plan, fund or program which was heretofore and hereinafter established or maintained by an employer or employer organization or both." 29 U.S.C. § 1002(1). Plaintiff brings this action against defendants under 29 U.S.C. § 1132(a), which provides for civil enforcement of ERISA. Section 1132(a) states, "A civil action may be brought—(1) by a participant or beneficiary—(A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The parties agree that Coggins's group health insurance policy is an employee welfare benefit plan as defined by ERISA, *see* 29 U.S.C. § 1002(1), and because it is, any state law claims that relate to the plan are preempted by ERISA, *see* 29 U.S.C. § 1144(a). However, their agreement ends there.

### 1. *Recovery of benefits under § 1132(a)(1)(B)*

Plaintiff asserts that defendants denied Coggins benefits, including "(1) a full prescription of Thalomid medication, (2) a full prescription of pain medication, (3) complete physician's care and diagnostic testing, and (4) reimbursement for any and all of [Coggins's] out-of-pocket payments for pain medication and other health care costs...." Amended Cpt., dkt. # 24, at ¶ 25. Plaintiff seeks recovery under the enforcement provision of § 1132(a)(1)(B) for all benefits defendants denied Coggins from April 30, 2000, when her insurance coverage was terminated, until June 2000, when she obtained alternative insurance. Plaintiff alleges that as a result of defendants' termination of Coggins's health insurance coverage, Coggins incurred damages resulting from direct costs for medications, refunds paid to defendants and medical care and medications that Coggins forewent.

 Defendants argue that plaintiff's benefits claim is flawed for several reasons. First, defendants argue that plaintiff has failed to recharacterize its com-

plaint as one arising under ERISA and instead continues to rely on state law claims that are preempted by ERISA. Defendants point out that plaintiff continues to use phrases such as "physical and emotional pain" in the amended complaint, Amended Cpt., dkt. # 24, at ¶ 21, rather than ERISA-appropriate phrases such as "incurred but unpaid expenses." However, in the section of the amended complaint entitled "claim," plaintiff refers to the benefits that Coggins was allegedly denied as a result of the wrongful termination of her health care coverage. *Id.* at ¶¶ 24, 25. I find that plaintiff has set out a proper recharacterization of those portions of its claims that originally were framed as state common law claims for bad faith and negligent infliction of emotional distress.

 Defendants make a similarly unpersuasive argument when they assert that plaintiff's ERISA claim should be denied pursuant to the doctrine of judicial estoppel. This doctrine "prevents a party from asserting a claim in a legal proceeding that is inconsistent with the claim taken by that party in a previous proceeding." *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808, 1814, 149 L.Ed.2d 968 (2001) (citation omitted). Defendants assert that "plaintiff has wasted judicial resources by first claiming that she did not want benefits (or monetary relief) under ERISA, and then attempting an 'about-face' to assert a benefit claim under ERISA." Dfts.' Br. in Supp. Mo. for S.J., dkt. # 29, at 14. As plaintiff points out, the doctrine of judicial estoppel prevents a prevailing party in a prior proceeding from contradicting its previous arguments. *New Hampshire*, 121 S.Ct. at 1814. However, in this case, plaintiff is not a prevailing party and its original complaint is not a previous proceeding. In addition, defendants overlook the fact that plaintiff did not recharacterize its complaint of its own

accord. Instead, this court granted plaintiff leave to file an amended complaint in order to state a cause of action under ERISA, specifically noting that if plaintiff did not do so, its complaint would be dismissed. Op. and Order entered Aug. 3, 2001, dkt. # 23, at 9–10.

 Next, defendants assert that because plaintiff's amended complaint does not provide a comprehensive itemization of the value of unpaid medical expenses at issue, plaintiff is essentially seeking compensatory and punitive damages that are not available under ERISA. It is true that the amended complaint does not establish a monetary value for each of the alleged denied benefits. However, under the liberal pleading requirements of Fed. R.Civ.P. 8(a), the list of denied benefits is sufficient to put defendants on notice regarding the scope and nature of the costs that plaintiff alleges Coggins incurred as a result of the insurance termination.

 Defendants also ask that this court look beyond the labels placed on plaintiff's demands for relief, interpret its claims as attempts to recover compensatory and punitive damages and disallow the recovery of such damages. *Buckley Dement, Inc. v. Travelers Plan Administrators of Illinois, Inc.*, 39 F.3d 784, 787–88 (7th Cir.1994). Defendants are correct that a plaintiff may recover denied benefits, but not extracontractual compensatory or punitive damages, under § 1132(a)(1)(B). *Harsch v. Eisenberg*, 956 F.2d 651, 655 (7th Cir.1992) (compensatory and punitive damages not available under § 1132(a)(1)(B)) (citing *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (compensatory and punitive damages not available under § 1109(a))); *see also Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 825 (7th Cir.2001) ("Under ERISA § 502(a)(1)(B), which authorizes

suits for unpaid benefits, plan participants or beneficiaries may not recover 'extracontractual damages,' but instead are limited to recovering only the benefits specified in the plan."). In addition, a plaintiff may not recover under ERISA § 1132(a)(1)(B) for medical expenses that she never actually incurred and paid for. *See Garner v. Capital Blue Cross*, 859 F.Supp. 145, 150 (M.D.Pa.1994) (because plaintiff did not actually incur medical expenses, restitution would be inappropriate), *aff'd*, 52 F.3d 314 (3d Cir.), *cert. denied*, 516 U.S. 870, 116 S.Ct. 189, 133 L.Ed.2d 126 (1995). Thus, the question that remains is whether plaintiff is seeking "to recover benefits due to [Coggins] under the terms of [her] plan," 29 U.S.C. § 1132(a)(1)(B), that she actually incurred or, rather, to obtain compensatory or punitive damages.

 In the amended complaint, plaintiff lists several benefits allegedly denied by defendants that can be grouped into two categories. Included in the first category are medications and other medical services that Coggins chose to forego because of her lack of health care coverage. Coggins never incurred these expenses. Rather, they are expenses that Coggins would have incurred (and that would have been covered by the policy) if defendants had not terminated her coverage. Despite the fact that plaintiff attempts to frame these damages as "denied benefits," plaintiff is essentially asking the court to compensate it for the pain and suffering that Coggins endured because of the termination of coverage. These damages are compensatory damages that are not allowed under ERISA. *Senese*, 237 F.3d at 825. Although it is unfortunate that Coggins experienced additional pain and suffering in the final months of her life, this first category of damages for medications and medical care that Coggins went without is not recoverable under ERISA.

 As to the second category of damages, plaintiff alleges that Coggins incurred out-of-pocket expenses for pain medication and other health care costs during the six weeks in which she did not have health care coverage. By definition, these expenses are covered by ERISA; plaintiff is seeking to recover benefit payments that Coggins incurred and that defendants denied by virtue of the termination. Defendants assert that, other than one bill for $1330.20, these figures are not quantified, so defendants should not be obligated to pay them. Plaintiff alleges that it provided defendants with a letter from Coggins's treating physician who verifies that Coggins took less pain medication and Thalomid than she was prescribed, from which it can be inferred that Coggins incurred at least some expenses for medication. Plaintiff alleges further that defendants have failed to make any formal discovery requests that would reveal this information and that defendants are required to follow formal discovery procedures pursuant to the court's scheduling order. In short, plaintiff argues that defendants' lack of information cannot be a basis for granting their motion for summary judgment. Although it is unclear why plaintiff demands that defendants make formal discovery requests, I agree that it is not necessary to know the precise extent of damages in order to make a determination as to the merits of the underlying claim.

 In light of the lack of clarity of the amended complaint, defendants ask that this court remand the claim to defendants for review. *See, e.g., Wolfe v. J.C. Penney Co.*, 710 F.2d 388, 394 (7th Cir.1983) (dismissal and "remand" appropriate where new theory of relief or additional evidence presented for first time in court proceeding involving benefits). However, plaintiff's lack of quantification does not amount

to a new theory of relief or additional evidence. Rather, the undisputed facts do not indicate the precise figure that Coggins is alleged to have expended on medical expenses. I find no reason to remand plaintiff's claim to defendants. Instead, plaintiff will have until January 4, 2002, in which to provide this court with an itemized list of all medical expenses that Coggins incurred between the time that defendants terminated her insurance and she obtained alternative insurance. Defendants will have until January 18, 2002, in which to file objections to plaintiff's itemization. If they object on the ground that the expense is not one covered by insurance, they will have to submit supporting documentation for the objection.

▮ Defendants argue that even if Coggins did incur medical expenses, plaintiff must pay premiums in order to receive benefits. *Bowerman v. Wal–Mart Stores, Inc.*, 226 F.3d 574 (7th Cir.2000) (if prevailing plaintiff makes COBRA payment, plan must pay previously denied medical expenses). Although the law is clear that a plan participant must contribute in order to reap benefits, defendants are in error when they insist that any improperly denied benefits must be offset by premiums for the entire period from the termination of Coggins's coverage on April 30, 2000, until her death on November 3, 2000, or seven months of premiums at $422.31 a month, totaling $2,956.17. Plaintiff is not seeking to recover benefits for the entire seven-month period because Coggins obtained alternative health insurance in mid-June. At this point, plaintiff is seeking to recover unpaid benefits that were incurred only during the six-week period during which Coggins had no health insurance. In order to recover the medical expenses incurred during the six-week period, plaintiff should have the opportunity to tender the COBRA payment that would have

been paid if defendants had not improperly terminated her coverage, i.e., $422.31 a month times 1.5 months, or $633.47.

2. *Breach of fiduciary duty under § 1132(a)(3)*

▮ 29 U.S.C. § 1132(a)(3) provides that a "civil action may be brought ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." Plaintiff asserts that, as administrators of a plan, defendants are fiduciaries that have a duty to "communicate material facts affecting the interests of the plan to participants or beneficiaries." *Bowerman*, 226 F.3d at 590. According to plaintiff, defendants breached their fiduciary duty to Coggins by failing to comply with the notice provisions of Wisconsin law and by terminating her insurance policy wrongfully.

As to the wrongful termination of Coggins's policy, defendants argue that plaintiff is attempting to repackage its benefits claim as a breach of fiduciary duty claim. Defendant asserts that because relief is available to plaintiff under § 1132(a)(1)(B), plaintiff's breach of fiduciary duty claim should be dismissed as to the wrongful termination. I agree. Section 1132(a)(3) is not an option for plaintiff. That provision is a "safety net" offering appropriate equitable relief for injuries that § 1132 would not otherwise redress. *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In *Varity*, the Court observed that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be

'appropriate.'" *Id.* at 515, 116 S.Ct. 1065. Because adequate relief is available to plaintiff under § 1132(a)(1)(B) for the denial of benefits, allowing plaintiff to proceed under § 1132(a)(3) would not be appropriate. *Id.; Wyluda v. Fleet Financial Group,* 112 F.Supp.2d 827, 832 (E.D.Wis. 2000). Accordingly, defendants' motion for summary judgment will be granted as to this portion of plaintiff's claim.

■ As to defendants' failure to comply with the notice provisions of Wisconsin law, plaintiff asserts that defendants breached their fiduciary duty under § 1132(a)(3) by not informing Coggins about the Health Insurance Risk–Sharing Plan at the time they terminated her coverage. However, plaintiff has not explained how the failure to tell Coggins about the risk-sharing plan "violates any provision of [ERISA] or the terms of the plan," 29 U.S.C. § 1132(a)(3), or how the failure to inform amounts to "deceiving a plan's beneficiaries in order to save the employer money at the beneficiaries' expense," *Varity,* 516 U.S. at 508, 116 S.Ct. 1065. In addition, to the extent that plaintiff is seeking injunctive relief, it is not clear that plaintiff is entitled to injunctive relief since Coggins is no longer living. *See Garner,* 859 F.Supp. at 150 (because plan participant did not survive, any request for injunctive relief would be moot). I conclude that plaintiff has failed to state a claim under § 1132(a)(3) as to defendants' failure to notify Coggins of the risk-sharing plan. Defendants will be granted summary judgment as to this portion of plaintiff's ERISA claim.

I note that in the order entered on August 3, 2001, I found that plaintiff's claim under the Health Insurance Risk Sharing Plan provisions, Wis. Admin. Code § INS 8.68, was not preempted by ERISA, but dismissed it on the ground that the provision did not provide for a private right of action. Op. and Order entered Aug. 3, 2001, dkt. # 23, at 12. To the extent that plaintiff may be attempting to make the same state law claim but under different provisions of Wisconsin law, I will dismiss the claim again because plaintiff still has not pointed to an applicable enforcement provision providing for a private right of action and I am aware of none.

## C. *Attorney Fees*

The court "may allow a reasonable attorney's fee and costs of action to either party" in an ERISA suit brought by a participant, beneficiary or fiduciary. 29 U.S.C. § 1132(g)(1). Under this provision, the court entertains a "modest presumption" that the prevailing parties are entitled to a reasonable attorney fee. *Bowerman,* 226 F.3d at 592; *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820, 830 (7th Cir.1984). Different formulas have been used to determine whether a prevailing party is entitled to an award of costs and fees, but "the 'bottom-line question' is the same: was the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" *Little v. Cox's Supermarkets,* 71 F.3d 637, 644 (7th Cir.1995).

Although defendants argue that plaintiff is not entitled to an award of attorney fees under ERISA because plaintiff relies on state law claims, I have already determined that plaintiff has set out a proper recharacterization of its claims under ERISA. Plaintiff is the prevailing party on its summary judgment motion against defendants as to the recovery of medical expenses incurred for the six-week period when Coggins had no insurance. Therefore, plaintiff enjoys a modest presumption in favor of an award of attorney fees as to the recovery of unpaid, incurred benefits. This presumption is overcome in this case however, because the position of defen-

dants United and American was substantially justified and taken in good faith. Although defendants do not dispute that the termination of Coggins's insurance coverage was improper, they are correct in asserting that plaintiff's complaint does not clearly state a claim under ERISA: it contains common law terms such as "acute physical and emotional pain" and does not quantify the medical expenses that Coggins actually incurred during the six-week period, with the exception of one bill. In addition, defendants are correct that the recoverable benefits are offset by premiums due for the period. I see no indication that defendants United and American's position was taken in bad faith or with the intent of harassing plaintiff. Therefore, plaintiff's request for attorney fees will be denied.

Although defendants have not filed a motion for attorney fees, I note that nothing in the record suggests that plaintiff's position was taken in bad faith or with the intent of harassing defendants. There is no indication that plaintiff's missteps in framing the claims as arising under ERISA were malicious; as defendants are well aware, ERISA is a complex area of the law.

### D. *Defendant Wagner*

Defendant Wagner filed a motion for summary judgment before plaintiff amended its complaint. Because all motions for summary judgment filed before the amendment to the complaint are based on the original complaint, I am disregarding them. Defendant Wagner did not file a motion for summary judgment after the amendment to the complaint was filed. Therefore, it does not have any motions pending before the court.

Nevertheless, I note that plaintiff has sued Coggins's former employer, defendant Wagner, without making any specific arguments pertaining to it. Although it does not seem likely that there remain any valid claims against Wagner, plaintiff will have until January 4, 2002, in which to notify the court whether it wishes to maintain any claims against Wagner. If this court does not receive notice by January 4, defendant Wagner will be dismissed from this action and the case will be closed.

### ORDER

IT IS ORDERED that

1. Plaintiff Estate of Joan Audrey Coggins's motion for summary judgment is GRANTED as to its claim for recovery of unpaid benefits and DENIED as to its remaining claims.

2. The motion for summary judgment filed by defendants United Wisconsin Life Insurance Co. and American Medical Security, Inc. is GRANTED as to plaintiff's claim for breach of fiduciary duty and any state law claims. Defendants' motion is DENIED as to plaintiff's claim for recovery of unpaid benefits.

3. Plaintiff's motion for attorney fees and costs is DENIED.

4. If plaintiff chooses to pay defendants American and United $633.47 in premiums for the six-week period during which Coggins did not have insurance, it may recover benefits that Coggins actually incurred during that period. Plaintiff may have until January 4, 2002, in which to provide this court with 1) proof that it has made the premium payment and 2) an itemization of all medical expenses that Coggins incurred during the six-week period; defendants may have until January 18, 2002, in which to file objections to the amount of expenses sought.

5. Plaintiff may have until January 4, 2002, in which to notify the court whether it wishes to maintain any claims against defendant Wagner Hopkins, Inc. If this

court does not receive notice by January 4, 2002, defendant Wagner will be dismissed from this action and the case will be closed.