Linda A. CORSINI and Alan Cantara, on behalf of themselves and all persons similarly situated,

v.

UNITED HEALTHCARE CORPORATION, a Minnesota for-profit corporation, and its affiliate, United Health Plans of New England, Inc., a Rhode Island health maintenance organization, and XYZ Corporations 1–10.

No. Civ.A. 96–0608–T.

United States District Court, D. Rhode Island.

June 3, 1999.

Amato A. DeLuca, DeLuca & Weizenbaum, Ltd., Providence, RI, Peter N. Wasylyk, Providence, RI, Wood Robertson Foster, Jr., Jordon Matthew Lewis, Siegel, Brill, Greupner & Duffy, Minneapolis, MN, for plaintiffs.

Angel Taveras, Brown, Rudnick, Freed & Gesmer, Providence, RI, Timothy E. Branson, Richard W. Murphy, Dorsey & Whitney, P.L.L.P., Minneapolis, MN, Jeffrey C. Schreck, Providence, RI, for defendants.

Alexis M. Herman, Mark A. Reinhalter, United States Department of Labor, Office of the Solicitor, Washington, D.C., for amici.

## MEMORANDUM AND ORDER RE-GARDING THE DEFENDANTS' MOTION TO DISMISS COUNTS II AND III OF THE AMENDED COMPLAINT

TORRES, District Judge.

The plaintiffs brought this class action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.*, in order to recover a portion of undisclosed discounts allegedly received by their health maintenance organization (HMO) from healthcare providers that were not taken into account in calculating the plaintiffs' co-payment obligations. *See Corsini v. United Healthcare Corp.*, 965 F.Supp. 265 (D.R.I.1997).

United Health Plans of New England, Inc. (UHPNE), the plaintiffs' HMO, and United Healthcare Corporation (UHC), UHPNE's parent, move to dismiss those counts of the amended complaint that assert claims for breach of fiduciary duty and for an accounting.

The issue presented is whether the plaintiffs are precluded from seeking equitable remedies under 29 U.S.C. § 1132(a)(3) on the ground that adequate relief is available under § 1132(a)(1)(B) which provides for enforcement of ERISA plans. Because I find that § 1132(a)(1)(B) addresses some but not all of the "equitable" claims asserted, I answer that question partly in the negative and partly in the affirmative. Accordingly, the defen-

dants' motion to dismiss is denied, in part, and granted, in part.

### Background

The complaint alleges that the plaintiffs are subscribers to a health care plan (the Plan) administered by UHPNE and its parent, UHC. It is undisputed that the co-payment provisions of the Plan require each subscriber to pay a specified percentage of the "average and prevailing" rates for health care services rendered to that subscriber (usually 20%). The plaintiffs charge that the defendants obtained discounted rates from the health care providers who rendered services to the plaintiffs; that they did not inform the plaintiffs of those discounts and that they calculated the plaintiffs' co-payment obligations under the Plan as a percentage of the providers' customary rates rather than as a percentage of the discounted rates.

Based upon those allegations, the plaintiffs assert what the complaint describes as three separate causes of action. Count I alleges a violation of the terms of the Plan and seeks to "enforce the plaintiffs' rights under the [Plan]." It purports to be brought pursuant to both the enforcement provisions of § 1132(a)(1)(B) and the equitable relief provisions of § 1132(a)(3). Count II alleges breaches of various fiduciary duties imposed by ERISA and is brought pursuant to subsection (a)(3). Count III seeks an accounting based upon alleged breaches of fiduciary duties but does not specify the section of ERISA under which relief is sought.[1] The defendants move to dismiss Counts II and III on the ground that equitable relief under (a)(3) is not available because (a)(1)(B) provides an adequate remedy for the alleged violations.

### Discussion

#### I. The ERISA Statute

Section 502 of ERISA, 29 U.S.C. § 1132, prescribes the circumstances under which a private cause of action may be

---

**1.** Another breach of fiduciary duty claim contained in Count IV previously was dismissed for failure to exhaust administrative remedies. *See Corsini*, 965 F.Supp. at 270.

brought by a participant in a covered plan. The two provisions at issue in this case are contained in § 1132(a)(1)(B) and (a)(3).

Subsection (a)(1)(B) allows a plan participant to bring a civil action:

> to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Subsection (a)(3) permits a participant:

> (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other *appropriate* equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

(emphasis added).

The two subsections are separate and distinct in the sense that (a)(1)(B) addresses only alleged violations of a *plan,* whereas (a)(3) addresses alleged violations of either a plan or the ERISA *statute.* Moreover, subsection (a)(3) provides only *equitable* relief.

Nevertheless, the two subsections overlap to the extent that both may be applicable to plan violations. However, that does not mean that any action alleging a plan violation may be brought under either subsection. The Supreme Court has made it clear that the equitable remedies contained in (a)(3) may not be invoked when some other subsection of § 1132(a) provides adequate relief for the alleged violation. Thus, in *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Court stated that, "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be *'appropriate.'* " *Id.* at 1079 (emphasis added). The *Varity* Court re-

ferred to (a)(3) as a "catch-all" or "safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." *Id.* at 1078.

*Varity* permitted a group of employees to maintain an action under (a)(3) for reinstatement of plan benefits. However, it did so on the ground that the employees allegedly had been duped by their plan administrator/employer into withdrawing from their plan; and, as non-participants, could not sue under (a)(1)(B). Accordingly, the relief under (a)(3) was "appropriate" because (a)(3) provided the only available remedy.

## II. Availability of Other Adequate Relief

In this case, the defendants argue that equitable relief under (a)(3) is not "appropriate" because some or all of the relief sought is available under (a)(1)(B). The plaintiffs, on the other hand, argue that equitable relief is "appropriate" for several reasons which may be summarized as follows:

1. Since the statute of limitations for plan violation claims brought pursuant to (a)(1)(B) is shorter than that for breach of fiduciary duty claims brought under (a)(3), many current and former Plan participants will be excluded from the putative class and will be without a remedy unless they are allowed to proceed under (a)(3).[2]

2. The relief claimed under (a)(3) differs from the relief claimed under (a)(1)(B).

3. In any event, dismissal would be premature because the (a)(1)(B) claim has not yet been adjudicated, and, therefore, at this juncture, it is impossible to determine whether re-

**2.** At the July 15, 1997, class certification hearing, this Court found that a three year statute of limitations applies to plaintiff's claim to enforce the provisions of the plan under

Count I and that a six year limitations period applies to the breach of fiduciary duty claims found in Count II.

lief is available under that subsection.[3]

Most of those arguments miss the mark because they rest on a misunderstanding of *Varity*'s reference to circumstances where "Congress elsewhere provided adequate relief for a beneficiary's injury." Subsection (a)(3) does not create an alternative theory upon which suits alleging denial of benefits and violation of the terms of a Plan that are cognizable under (a)(1)(B) may be brought. It applies only when adequate relief is not provided for under (a)(1)(B) or some other subsection of § 1132. *See Turner v. Fallon Community Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir.1997) (upholding dismissal of a claim, under (a)(3), alleging denial of plan benefits on the ground that such claims are addressed specifically by (a)(1)(B) and that claims for equitable relief under (a)(3) are allowed "only where Congress has failed to provide more specific relief").

In this case, Count II recites a variety of ways in which the defendants allegedly violated their fiduciary duties. Although some of the alleged violations are difficult to separate and decipher, they appear to fall into two principal categories: (1) that the defendants failed to administer the Plan according to its terms, thereby depriving the plaintiffs of benefits to which they were entitled; and (2) that the defendants acted in a way that furthered their interests at the expense of the interests of plan participants. (*See* Am.Compl. ¶¶ 83–86.)

Since subsection (a)(1)(B) specifically addresses and provides a panoply of remedies for a denial of benefits or a deprivation of rights under the terms of the Plan, equitable relief under (a)(3) would not be "appropriate" for the first category of breach of fiduciary duty claims. Those claims amount to nothing more than a relabeling of the claim set forth in Count I.

The plaintiffs' use of equitable terms such as "restitution," "accounting" and "injunction" to describe the remedies sought in connection with those claims does not alter the fact that (a)(1)(B) provides what Congress has determined to be "adequate relief" for such violations.

Moreover, as a practical matter, despite the different nomenclature, the remedies provided by (a)(1)(B) are virtually identical to any equitable relief that the plaintiffs could obtain under (a)(3). Subsection (a)(1)(B)'s provision for recovery of any benefits wrongfully withheld and the enforcement and/or clarification of the plaintiffs' rights under the Plan are equivalent to the accounting and injunctive relief available under (a)(3).

The possibility that some Plan participants may be time-barred from asserting claims for Plan violations under (a)(1)(B); or, the possibility that they might not succeed on those claims, does not alter the fact that (a)(1)(B) provides an adequate remedy for such violations, if proven. Subsection (a)(3) was not designed to provide a second bite of the apple for claims found wanting under other subsections that specifically address them. Thus, any Plan participants who failed to pursue their plan violation claims within the time allowed cannot circumvent the subsection's statute of limitations applicable to those claims by characterizing them as breach of fiduciary duty claims. Nor can Plan participants having claims cognizable under (a)(1)(B) use their inability to prevail under that subsection as a basis for seeking relief under (a)(3).

The claim that the defendants breached their fiduciary duties by benefitting themselves at the expense of Plan participants is an entirely different matter. The fact that (a)(1)(B) provides relief when plan benefits are improperly withheld does not

---

**3.** The plaintiffs make several other arguments that the Court finds unpersuasive. Because the motion to dismiss is being denied on other grounds, there is no need for the Court to address those arguments.

bar an action for breach of an independent fiduciary duty under (a)(3).

 Here, the breach of fiduciary duty claim appears to be based, in part, on the same conduct that is the subject of the plan violation claim. (i.e., that the defendants wrongfully withheld benefits by failing to credit a portion of the discounts to the plaintiffs co-payment obligations). However, while the claim lacks specificity, it also appears to include other forms of alleged self-dealing that are separate and distinct from the mere failure to share provider discounts. To the extent that the proof may include, for example, evidence that the discounts received by the defendants were negotiated at the expense of a reduction in providers' prevailing rates, the breach of fiduciary duty claim would be independent from the plan violation claim asserted in Count I. Since (a)(1)(B) does not address such breaches, equitable relief under (a)(3) is "appropriate." *See Varity,* 116 S.Ct. at 1079, (equitable relief is available to plan participants when (a)(3) affords the only available remedy).

As the plaintiffs themselves concede, they are not entitled to cumulative or duplicative relief. However, to the extent that their (a)(1)(B) claims and their (a)(3) claims are separate and distinct, they are entitled to pursue both kinds of claims.

Count III does not state any separate cause of action. It does nothing more than reiterate the request for an accounting as a remedy for the defendants' alleged breaches of their fiduciary duties. Consequently, this claim should be treated in the same manner as the claims asserted in Count II. To the extent that it is based on the alleged failure to share discounts, it can be asserted only under (a)(1)(B). On the other hand, to the extent that is based on the breach of an independent fiduciary duty, it may be pursued under (a)(3).

### Conclusion

For all of the foregoing reasons, the defendants' motion to dismiss is granted with respect to those claims contained in Counts II and III that are based on the defendants' alleged failure to credit provider discounts to the plaintiffs' co-payment obligations and/or on any other portions of the alleged Plan violations. The motion is denied with respect to the remaining portion of the breach of fiduciary duty claims.

IT IS SO ORDERED,