Carol KING, Plaintiff

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA and Trustees of the Industry Group Insurance Trust Financial Services Insurance Fund, Defendants

No. 02–CV–120–P–S.

United States District Court, D. Maine.

Sept. 19, 2002.

Tyler N. Kolle, Esq., Berman & Simmons, P.A., Lewiston, for Carol King, plaintiff.

Patricia A. Peard, Bernstein, Shur, Sawyer, & Nelson, Portland, for UNUM Life Insurance Company of America, Trustees of the Industry Group Insurance Trust Financial Services Insurance Fund, defendants.

## ORDER GRANTING MOTION TO DISMISS

SINGAL, District Judge.

Plaintiff has brought claims against her former employer and the Trustees of her employee benefit plan for reinstatement of benefits and breach of fiduciary duty. Presently before the Court are two motions filed by Defendant UNUM Life Insurance Company of America ("UNUM"): 1) Defendant's Motion to Strike (Docket # 2) and 2) Defendant's Motion to Dismiss (Docket # 4). For the reasons discussed below, the Court GRANTS Defendant's Motion to Dismiss and declares moot Defendant's separate Motion to Strike.

## I. MOTIONS TO DISMISS STANDARD

Generally, a court may dismiss a claim under Rule 12(b)(6) only if it clearly appears that, on the facts alleged, the plaintiff cannot recover on any viable theory. Fed.R.Civ.P. 12(b)(6); *Gonzalez–Morales v. Hernandez–Arencibia,* 221 F.3d 45, 48 (1st Cir.2000). When considering a motion to dismiss, a court must accept as true all of a plaintiff's well-pleaded factual averments and "draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." *Roth v. United States,* 952 F.2d 611, 613 (1st Cir.1991).

## II. BACKGROUND

Plaintiff Carol King ("King") is a former employee of Defendant UNUM Life Insurance Company ("UNUM") who suffers from tonic-clonic seizure disorder and hy-

pothyroidism. During the course of King's employment with UNUM, from November 30, 1992, until June 9, 1999, King experienced approximately two seizures each year.

In January 1999, King suffered a major seizure while at work, resulting in a loss of consciousness for about six minutes and concomitant loss of bodily functions. Thereafter, King was out of work for approximately three weeks. When she returned, King experienced attention deficit difficulties, decreased memory, and difficulties with reading comprehension and problem-solving. As a result of King's inability to adequately perform her job functions, UNUM demoted, and subsequently dismissed, King on June 9, 1999. Shortly thereafter, King filed for short-term disability benefits.

UNUM accepted liability for King's total disability beginning June 7, 1999.[1] In December 2000, however, UNUM decided to terminate King's disability benefits maintaining that the medical information in King's file did not constitute a sufficiently severe condition to render her "disabled."[2] King appealed this decision on three separate occasions.[3] UNUM denied all of King's appeals.

Based upon the above, King has brought this action against UNUM alleging two separate causes of action. Count I alleges wrongful termination of disability benefits and seeks relief pursuant to section 1132(a)(1). Count II alleges breach of fiduciary duty imposed by ERISA and seeks relief pursuant to section 1132(a)(3).

## III. DISCUSSION

The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001—1461 (1999), regulates employee welfare benefit plans that provide benefits in the event of sickness, accident, disability or death. § 1002(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). Designed to provide consistency to employers throughout the United States in how they manage their benefit plans, ERISA sets forth six civil enforcement provisions. § 1132(a). The two provisions at issue in this case are contained in Sections 1132(a)(1) and 1132(a)(3).

Under the first pertinent remedial provision, section 1132(a)(1), a beneficiary may bring a federal civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." § 1132(a)(1)(B). In contrast, the second pertinent remedial provision, section 1132(a)(3), authorizes a plan beneficiary to bring a federal civil action "to obtain other appropriate equitable relief" to address violations of ERISA or to enforce the plan. § 1132(a)(3).

 Even though the two subsections overlap to the extent that both may be applicable to plan violations, subsection

---

1. At all times since June 7, 1999, King alleges she has been totally disabled within the meaning of the disability plan ("Plan") due to her symptoms of severe depression, anxiety and long-standing tonic-clonic seizure disorder.

2. Plaintiff alleges that under the Plan, an insured has a "disability" or is "disabled" if "because of sickness or injury the insured cannot perform the material and substantial duties of her regular occupation during the

first twenty-four months of payments." (*See* Complaint ¶ 21.).

3. Plaintiff was diagnosed with rectal cancer and underwent surgery and chemotherapy during the appeals period. Subsequently, in her opposition to Defendant's motion, Plaintiff asserts she added this condition to the information provided to Defendant supporting her claim of total disability.

1132(a)(3) does not act as an alternative theory upon which suits that are cognizable under section 1132(a)(1) may be brought. *Corsini v. United HealthCare Corp.*, 51 F.Supp.2d 103, 106 (D.R.I.1999). Where Congress provides adequate relief for a beneficiary's injury within some other subsection of 1132, further equitable relief pursuant to section 1132(a)(3) is normally not "appropriate." *Varity Corp. v. Howe*, 516 U.S. 489, 512, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (referring to section 1132(a)(3) as a "catch-all" or "safety net"); *see also Larocca v. Borden, Inc.*, 276 F.3d 22, 28–29 (1st Cir.2002) (stating that if a plaintiff can pursue benefits under the plan pursuant to section 1132(a)(1), there is an adequate remedy under the plan, which bars a further remedy under section 1132(a)(3)); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 616 (6th Cir.1998) (finding that plaintiffs are not allowed to simply characterize denial of benefits claim as breach of fiduciary claim to make claim under section 1132(a)(3)).

Here, Plaintiff brings claims pursuant to both section 1132(a)(1) and 1132(a)(3). In response, Defendant requests that the Court dismiss Plaintiff's section 1132(a)(3) claim for failure to state a claim upon which relief can be granted.[4] Specifically, Defendant argues Plaintiff's claims under section 1132(a)(3) and 1132(a)(1) are redundant.

Plaintiff relies on *Varity* to argue that she is entitled to additional relief for breach of fiduciary duty pursuant to section 1132(a)(3). In *Varity*, the Supreme Court affirmed the lower court's reinstatement of plaintiffs who had been fraudulently terminated from their plan. *Varity*, 516 U.S. at 515, 116 S.Ct. 1065. The Court observed that "[t]he plaintiffs in this case could not proceed under [section

1132(a)(1) ] because they were no longer members of [their] plan and, therefore, had no benefits due [them] under the terms of [the] plan [pursuant to section 1132(a)(1) ]," and that "[t]hey must rely on [section 1132(a)(3) ] or they have no remedy at all." *Id.* (internal citations and quotation marks omitted).

In an attempt to analogize the present case to *Varity*, Plaintiff asserts Defendant first paid and then denied her benefits after dismissing her. Plaintiff also asserts that it is not yet clear whether Defendant intends to rely solely on the position that Plaintiff is not "disabled" under the terms of the Plan, or perhaps in addition, claim Plaintiff was not covered by the Plan at all for the conditions submitted after her claim for long-term benefits were denied. Plaintiff maintains if Defendant intends to argue the latter, section 1132(a)(3) may state her only avenue of relief.

■ Plaintiff's reliance on *Varity*, however, is misplaced. Here, in contrast with *Varity*, "adequate relief" is available under section 1132(a)(1) because as a Plan participant, Plaintiff has a claim against the Plan to recover the benefits which she asserts are rightfully her's. *See Estate of Coggins v. Wagner Hopkins, Inc.*, 183 F.Supp.2d 1126, 1134 (W.D.Wis.2001); *Mein v. Pool Co. Disabled Int'l Employee Long Term Disability Benefit Plan*, 989 F.Supp. 1337, 1351 (D.Colo.1998). Moreover, Plaintiff's breach of fiduciary duty claim under section 1132(a)(3) claim is based on the same conduct that underlies her section 1132(a)(1) (*i.e.*, that Defendant wrongfully withheld benefits). *See Turner v. Fallon Cmty. Health Plan, Inc.*, 127 F.3d 196, 200 (1st Cir.1997) (finding plaintiff's grievance for denial of benefits not improved by invoking fiduciary concepts because denial of

---

4. Although Defendant does not state the applicable provision of the Federal Rules of Civil Procedure that would permit the Court to grant the requested relief, the Court assumes from Defendant's motion that the contentions fall within Rule 12(b)(6).

benefits claims are specifically addressed by section 1132(a)(1)); *Corsini,* 51 F.Supp.2d at 106 (finding relief under section 1132(a)(3) inappropriate where claim amounts to nothing more than a mere relabeling of claim for relief under section 1132(a)(1)). Therefore, consistent with *Varity,* the Court concludes that the adequacy of relief pursuant to section 1132(a)(1) renders Plaintiff's breach of fiduciary duty claim under section 1132(a)(3) superfluous and bars her from seeking further equitable relief.

Because the Court agrees with Defendant that Plaintiff's Count II should be dismissed in its entirety, Defendant's separate Motion to Strike certain language in that Count is now moot.

## IV. CONCLUSION

For the above stated reasons, the Court hereby GRANTS Defendant's Motion to Dismiss (Docket # 4) and declares Defendant's separate Motion to Strike (Docket # 2) moot.

SO ORDERED.