John E. KOURINOS, Plaintiff,

v.

**INTERSTATE BRANDS CORPORATION,**
**Defendant.**

No. CIV.04–25–P–H.

United States District Court,
D. Maine.

May 14, 2004.

Terry N. Snow, Alan E. Wolf, Law Office of Terry N. Snow, Cumberland, ME, Sally A. Morris, Yarmouth, ME, for John E. Kourinos, Plaintiff.

Bernard J. Kubetz, Eaton Peabody, Bangor, ME, Juliana Reno, Stinson, Morrison, Hecker, LLP, Omaha, NE, Scott C. Hecht, Stinson, Morrison, Hecker, LLP, Kansas City, MO, for Interstate Brands Corporation, Defendant.

## MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

HORNBY, District Judge.

The plaintiff claims that his employer denied him medical benefits after retirement while paying other retirees. After oral argument on May 10, 2004, I conclude that although he can sue his employer under ERISA to enforce the terms of the benefit plan, he does not have a separate cause of action under ERISA for breach of fiduciary duty or discrimination.

### FACTS ALLEGED

John E. Kourinos ("Kourinos") makes the following allegations in his Complaint, which I take as true in ruling on his employer's motion to dismiss. Kourinos was an employee of Nissen Bakery, starting in 1971. Nissen's medical plan provided medical insurance coverage to employees who, when they retired, were at least 55 years old and had 10 years of service. Interstate Brands Corporation ("IBC") purchased Nissen. IBC amended the plan effective May 1, 1993, so that only employees who were at least 60 years old with 10 years of service were eligible to receive medical benefits after retirement. Despite the change in the plan's terms, IBC continued to provide medical coverage to retirees who were less than 60 years old when they retired. But when Kourinos retired on January 20, 2001, at age 55 with over 29 years of service, IBC denied him retirement medical benefits. Despite Kourinos' requests for benefits, IBC refuses to pay them.

### ANALYSIS

**Count I**

Title 29 U.S.C. section 1132(a)(1)(B), an ERISA remedial provision, provides that a beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." This is the basis for Count I, and there is no motion to dismiss it.

## Count II

There are actually two Count IIs in the Complaint. I refer to them as Count II(a) and Count II(b). Count II(a) seeks benefits, damages, and "other equitable or declaratory relief," alleging that IBC violated ERISA by arbitrarily granting some retirees benefits and denying them to Kourinos. Count II(b) seeks an injunction for the ERISA violations alleged in Count I and Count II(a).

### (A) Count II(a)

In Count II(a), Kourinos alleges that IBC breached its fiduciary duty under 29 U.S.C. § 1104 "[b]y acting arbitrarily in granting some retirees medical benefits and denying it to others." Kourinos requests benefits, damages, and "other equitable and declaratory relief." Kourinos has acceded to IBC's motion to dismiss the claims for compensatory and punitive damages. Opp'n Mot. at n. 1. Kourinos' request for equitable and declaratory relief remains.

### (i) Equitable Relief

■ Section 1132(a)(3) provides that a beneficiary may bring an action "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce any provisions of this subchapter or the terms of the plan." First Circuit caselaw is clear that equitable relief under section 1132(a)(3) is inappropriate when a party is entitled to pursue plan benefits or enforce plan rights under section 1132(a)(1)(B). *Larocca v. Borden, Inc.*, 276 F.3d 22, 28 (1st Cir.2002) citing *Varity Corp. v. Howe*, 516 U.S. 489, 512, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (section a(3)'s " 'catchall' provisions act as a safety net, offering appropriate equitable relief for injuries caused by violations that [section 1132] does not elsewhere adequately remedy."). *See also King v. UNUM Life Ins. Co.*, 221 F.Supp.2d 1, 3–4 (D.Me.2002) ("[S]ubsection 1132(a)(3) does not act as an alternative theory upon which suits that are cognizable under section 1132(a)(1) may be brought."). To the extent that Count II(a) alleges that IBC violated its fiduciary duty by wrongfully withholding benefits to which Kourinos was entitled under the plan, Kourinos' remedy is a claim under section 1132(a)(1)(B), which he has, in fact, asserted in Count I.

If it turns out, however, that the terms of the plan do not cover Kourinos, he does not have a claim to recover benefits due or to enforce plan rights under section 1132(a)(1)(B) and he may pursue equitable relief under section 1132(a)(3). The question then becomes whether Count II(a) states a cognizable claim for breach of fiduciary duty based on IBC's conduct in paying benefits to other unqualified retirees while refusing to pay benefits to Kourinos.

### (ii) Breach of Fiduciary Duty

■ Under ERISA, every employee benefit plan "shall be established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). 29 U.S.C. § 1104 provides that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

(A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan;

(B) with the care, skill, prudence, and diligence under the circumstances then prevailing . . . and

(D) *in accordance with the documents and instruments governing the plan* insofar as such documents and instru-

ments are consistent with the provisions of this subchapter and subchapter III of this chapter."

Section 1104(a)(1) (emphasis added). Under section 1104(a)(1)(D), the fiduciary has a duty to administer the plan in accordance with the documents governing the plan. ERISA does not impose a fiduciary duty to pay benefits that are excluded under the plan. *See Turner v. Fallon Cmty. Health Plan, Inc.,* 127 F.3d 196, 200 (1st Cir.1997) ("The notion that there is a fiduciary duty [under ERISA] to expend funds for treatment explicitly excluded from the plan would be quite a stretch."). Thus, if Kourinos is not entitled to receive benefits under the plan, he cannot base his breach of fiduciary duty claim on IBC's refusal to pay him benefits.[1] Count II(a) is therefore **DISMISSED** in its entirety.

### (B) Count II(b)

In Count II(b), Kourinos requests an injunction for the ERISA violations alleged in Counts I and II(a). Section 1132(a)(1)(B) permits a beneficiary "to enforce his rights under the terms of the plan." Since Kourinos has already requested enforcement relief in Count I, to the extent that Count II(b) rests on the allegations made in Count I, it is surplusage. To the extent that it rests on Count II(a), it is subject to dismissal for the reasons stated concerning Count II(a). Count II(b) is therefore **DISMISSED** in its entirety.

### Count III

■ Section 1140 provides that is unlawful for an employer to "discharge, fine, suspend, expel, discipline, or discriminate against a ... beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ...

or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan ...." 29 U.S.C. § 1140. In Count III, Kourinos alleges that IBC violated 29 U.S.C. § 1140 "[b]y singling out Kourinos for denial of medical benefits and treating him differently than the other [retirees]."

The cases interpreting section 1140 hold that this anti-discrimination provision is triggered when an employer *retaliates* against an employee for exercising rights under ERISA or when an employer takes some action against the employee *for the purpose of preventing him from attaining a benefit. E.g., Deeming v. Am. Standard, Inc.,* 905 F.2d 1124, 1127 (7th Cir.1990) (Section 1140 "was designed to protect the employment relationship which *gives rise* to an individual's pension rights."); *The Blaw Knox Retirement Income Plan v. White Consol. Indus., Inc.,* 998 F.2d 1185, 1191 (3d Cir.1993) ("The prohibitions of [section 1140] are primarily aimed at preventing unscrupulous employers from discharging or harassing their employees to prevent them from attaining their vested pension rights."). Kourinos has not alleged that IBC retaliated against him or took any action to prevent him from attaining benefits to which he would have been entitled.

Kourinos argues that ERISA's anti-discrimination provision is broader than this. He relies on *Vartanian v. Monsanto Co.,* 880 F.Supp. 63 (D.Mass.1995). In that case, the plaintiffs alleged that the defendant employer falsely told them that the company was not planning any changes in pension benefits, with the purpose of inducing them to retire before the enhanced benefit packages went into effect. The *Vartanian* plaintiffs alleged that they

---

1. If IBC paid other retirees benefits contrary to the plan's terms, it may have violated section 1104(a)(1)(D) in making those payments, but Kourinos is not seeking relief to stop such payments (and may not have standing to do so since he is no longer a plan participant).

would have received the enhanced benefit packages if they had not been "tricked" into retiring early. The district court said that "[s]ection 1140 reaches a broad range of employer conduct including claims premised on the discriminatory modification of a pension or retirement plan that intentionally benefits or injuries certain identified employees" and ruled that the allegations were enough to state a claim under section 1140. *Id.* at 71–72. Kourinos argues that his claim that IBC has "intentionally targeted him and wrongfully denied him benefits while granting them to others" is similar to *Vartanian* and that it "falls within the broad range of conduct protected by § 1140." Opp'n Mot. at 4. Unlike the *Vartanian* plaintiffs, however, Kourinos has not alleged that IBC "tricked" him into retiring early in order to prevent him from collecting benefits. Section 1140 applies when an employer discriminates "for the purpose of interfering with the attainment of any right to which such participant may become entitled …." 29 U.S.C. § 1140. There is no such allegation here.

It is not enough for Kourinos to allege that IBC intentionally discriminated against him by refusing to pay him while paying other unqualified retirees. *E.g., McGath v. Auto–Body North Shore, Inc.,* 7 F.3d 665, 670 (7th Cir.1993) ("Because the plan must be administered according to its terms, [the plaintiff] cannot complain because he is held to those terms; this is true even if the rules were bent for another individual. [Section 1140] affords protection from discrimination that interferes 'with the attainment of any right …. [the plaintiff] does not have a *right* to treatment that is contrary to the terms of the plan, even if those terms are breached for others.' "); *Jefferson v. Vickers, Inc.,* 102 F.3d 960, 964–65 (8th Cir.1996) ("An employer does not violate ERISA by offering a gratuity to one employee that is less generous than a gratuity bestowed on another."). *See also Edwards v. Akzo Nobel, Inc.,* 103 F.Supp.2d 214, 218–19 (W.D.N.Y. 2000):

> The central flaw in this claim that other employees in the same circumstances as plaintiffs received a higher level of benefits is that, assuming that allegation to be true, one of two situations must exist; either both plaintiffs and those other employees are entitled to full early retirement benefits under the terms of the Plan, or neither of them are. If both groups are entitled to such benefits, however, then plaintiffs' proper avenue of relief is a claim for benefits under § 1132(a)(1)(B) …. If neither group is entitled to full benefits, however, that does not give rise to a claim under [section 1140], for that statute cannot be used to require employers to provide benefits that are not provided for by the terms of the plan.

Kourinos says that he was treated unfairly and discriminated against by IBC, but he does not allege that IBC intended to prevent him from attaining retirement benefits. Count III therefore does not state a claim under section 1140 and is DISMISSED.

### CONCLUSION

Arbitrarily granting benefits to some retirees and denying them to others may be unfair. Unless Kourinos is entitled to benefits under the terms of the Plan, however, ERISA simply does not afford him a remedy. Counts II and III of the Complaint are DISMISSED.

So ORDERED.