In the
United States Court of Appeals
For the Seventh Circuit

Nos. 99-3666, 00-1211

Lucien G. Senese,

Plaintiff-Appellant, Cross-Appellee,

v.

Chicago Area I. B. of T. Pension Fund,

Defendant-Appellee, Cross-Appellant.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 97 C 382--Warren K. Urbom, Judge./*

Argued October 25, 2000--Decided January 16, 2001

   Before Coffey, Diane P. Wood, and Williams, Circuit
Judges.

   Williams, Circuit Judge.  After a car bombing left
him disabled, Lucien G. Senese sought disability
retirement benefits from the Chicago Area I. B.
of T. Pension Fund ("the Fund"). The Fund awarded
him some, but not all, of the benefits that
Senese claims are due, so he sued the Fund under
Section 502(a)(1)(B) of ERISA. Senese now appeals
the district court's decision granting judgment
to the Fund on his claim for benefits, which we
affirm. The Fund appeals the court's decision
denying its motion for Rule 11 sanctions and for
attorneys' fees under the fee shifting provision
of ERISA, which we affirm in part and reverse in
part.

I

   Senese's injuries occurred in 1990, while he
was employed as secretary-treasurer of Teamsters
Local 703 ("the Local") and as the Fund's plan
manager and trustee. Despite his injuries, he
continued on the payroll of the Local and the
Fund until December 31, 1991. According to
Senese, he then began the application process for
his disability pension in March 1992 with the
first of many written requests to the Fund for a
pension application form, requests that Senese
says were ignored.

In the meantime, in order to maintain his health and pension benefits, Senese secured part-time employment with the Austin J. Merkel Company, working eight hours a month from June 1992 through February 1993. The Fund trustees initially determined that the Merkel job did not qualify as covered employment under the collective bargaining agreement, and returned the contributions that Merkel had made on Senese's behalf. But after Senese presented evidence that his job with Merkel qualified as covered employment, the Fund reversed its position and accepted Merkel's contributions.

Senese eventually received a pension application from the Fund in May 1993, which Senese claims he promptly completed and returned to the Fund. However, the Fund says it had no record of receiving Senese's application until sixteen months later--September 1994--and awarded him benefits beginning the following month. Senese requested a review of this decision, insisting that he was entitled to benefits beginning January 1992, the month after he left his job with the Local. Senese also asserted that, because the Fund delayed sending him an application, his application date should be considered to be March 1992, when he first requested the form.

After conducting a review, the Fund trustees determined that Senese did not actually retire for purposes of his pension until the Merkel job ended in February 1993. However, because Senese could have submitted a completed application form in May 1993 (when the Fund first sent him the form), the trustees adjusted his effective date from October 1994 to June 1993 and awarded him benefits for an additional sixteen months.

Not satisfied with this adjustment, Senese filed suit, claiming an improper denial of benefits under sec. 502(a)(1)(B) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B). In his Second Amended Complaint, Senese claimed that he was owed retirement benefits and interest for the five months in 1992 after he retired from the Local and before he began the Merkel job (January through May of 1992). He also claimed interest on the additional sixteen months of benefits that the Fund awarded him after it adjusted his application date to May 1993.

The Fund responded with a draft Rule 11 motion for sanctions, asserting that the Second Amended Complaint was unsupported by the facts or a reasonable investigation of the facts and law, in part because Senese's 1992 employment with Merkel precluded his claim for earlier benefits. Senese declined to withdraw the complaint, but after

discovery, and two weeks before trial, Senese abandoned any claim for benefits before his retirement from Merkel. Instead, in his proposed pretrial order, he claimed benefits for March, April, and May 1993--the period between the time that he left the Merkel job and the adjusted eligibility date determined by the trustees. This claim was based on his theory that his delayed application should not foreclose earlier benefits because his 1992 letters requesting application forms should have been counted for determining his application date, or alternately, that when an application is delayed, both the plan and the summary plan description provide automatic retroactive benefits.

At trial, however, Senese added a twist to his theory about retroactive benefits, arguing for the first time that there was a direct conflict between the plan and summary plan descriptions on this issue. According to Senese, when an application is delayed, the summary plan description provides for automatic retroactive benefits. And although the underlying plan document had been amended years earlier to add a "good cause" requirement for the payment of retroactive benefits, the summary plan description was not updated to reflect that amendment. Thus, Senese argued that because of this direct conflict, the summary controlled, and he was entitled to retroactive benefits for March, April, and May 1993 without any showing of good cause for his delay in submitting an application.

At the close of Senese's evidence, the Fund moved for judgment as a matter of law, which the district court granted. The court held that the trustees were not arbitrary or capricious in determining that, because Senese did not actually file an application until May 1993, he was eligible for benefits no earlier than June 1993. As to Senese's claim that the summary plan provision overrode the pension plan provision on the issue of retroactive benefits, the court held that this theory was not properly before the court because it was not raised in any pleadings or approved pretrial order before the court, and because it had not been raised before the Fund trustees. The court also held that, even had the issue properly been before it, it would not have found a direct conflict between the plan and summary plan descriptions. Finally, the court held that, because the plan did not provide for interest, Senese was not entitled to interest on the sixteen additional months of benefits that were paid after the Fund adjusted his application date. The court then denied the Fund's motions for sanctions against Senese and his attorney under Rule 11 of the Federal Rules of Civil

Procedure and for attorneys' fees and costs under the fee shifting provision of ERISA, 29 U.S.C. sec. 1132(g)(1). Both parties appealed.

II

A. Senese's appeal

Senese's principal argument on appeal is that the district court erred in determining that there was no conflict between the plan and summary plan descriptions regarding a beneficiary's entitlement to retroactive benefits when an application is delayed. Senese also asserts that his failure to present this theory to the Fund trustees is not fatal because, he argues, ERISA requires only claim exhaustion, not issue exhaustion.

However, Senese ignores the district court's alternate ground for rejecting Senese's argument about the summary plan description--that this theory was not properly before the court because it was not contained in his pleadings or any approved pretrial order. Senese's failure to advance on appeal any arguments with respect to this alternate ground means that any challenge to that ground is waived, see Williams v. Leach, 938 F.2d 769, 772-73 (7th Cir. 1991), and because affirmance of the district court's alternate ground is dispositive of his appeal, see id.; Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 667-68 (7th Cir. 1998); Cook v. Navistar Int'l Transp. Corp., 940 F.2d 207, 214-15 (7th Cir. 1991), we decline to explore the merits of Senese's arguments regarding ERISA exhaustion requirements or the purported conflict between the plan and summary plan descriptions./1 Accordingly, we affirm the district court's decision granting judgment to the Fund on Senese's claim for benefits.

B. The Fund's appeal

The Fund argues on appeal that the district court erred in denying its motions for Rule 11 sanctions and for attorneys' fees under ERISA, asserting that Senese had no legal or factual basis for his claim for 1992 benefits or for interest on unpaid and delayed benefits, and that the lawsuit was filed for an improper purpose--namely, to obtain an advantage in the Local's elections in favor of candidates supported by Senese.

1. Rule 11 sanctions

Rule 11 authorizes a district court to impose sanctions on lawyers or parties (or both) for submissions that are filed for an improper

purpose or without a reasonable investigation of the facts and law necessary to support their claims. See Fed. R. Civ. P. 11(b), (c); Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998); Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 932-33 (7th Cir. 1989) (en banc). We review the district court's determination on Rule 11 sanctions for an abuse of discretion. Mars Steel, 880 F.2d at 933. However, deferential review does not mean automatic affirmance. In re Excello Press, Inc., 967 F.2d 1109, 1112 (7th Cir. 1992); Mars Steel, 880 F.2d at 933. "While we must afford deference to the district court's 'substantial familiarity . . . with the proceedings,' we must also find a fair relationship between the record and the district court's perception of the proceedings." In re Ronco, Inc., 838 F.2d 212, 218 (7th Cir. 1988) (citations omitted). A denial of sanctions based on a clearly erroneous assessment of the evidence is an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Katz v. Household Int'l, Inc., 36 F.3d 670, 673 (7th Cir. 1994).

   With these standards in mind, we turn now to the Fund's three arguments in support of Rule 11 sanctions: (1) that Senese and his counsel knew or should have known that his claim for 1992 benefits was unsupported by evidence; (2) that Senese's claim for interest on delayed and unpaid benefits was objectively unreasonable; and (3) that the lawsuit was brought for an improper purpose. First, with respect to the claim for 1992 benefits, the district court held that it "was not prepared to conclude that at the time the second amended complaint was filed in this litigation, the plaintiff or his attorney had reason to believe that the allegations were not supported by evidence." We think the court's assessment of the evidence was clearly erroneous.

   Under the plan and summary plan documents, a beneficiary is eligible for retirement benefits no earlier than (1) the "complete cessation" of covered employment and (2) his receipt of Social Security disability benefits. If these requirements are met, benefits are payable the month following the Fund's receipt of the beneficiary's application (although retroactive benefits may be available for delayed applications). Senese was no stranger to these plan requirements; he was plan manager and trustee for several years before his injury. And Senese had to know that the Merkel job was covered employment for purposes of pension eligibility because he successfully waged a battle with the trustees to have the Merkel job so classified. Accordingly, there can be no doubt that Senese knew that he had not completely

ceased covered employment, and that, therefore, he did not meet the plan requirements for the period claimed in the complaint.

In his briefs on appeal, Senese completely fails to address the question of how he could have been entitled to retirement benefits for a period before he retired./2 Instead, he argues that he had a good-faith basis for his theory that his delayed application should not have foreclosed his receipt of 1992 benefits because of the Fund's delay in sending the application and because the summary plan description mandated retroactive benefits. But all of this is irrelevant given our conclusion that he had to have known that his continued work in covered employment independently barred his claim for 1992 benefits.

Based on the facts known to Senese (and with reasonable investigation, should have been known to his lawyer), neither Senese nor his lawyer could have reasonably believed, at the time the Second Amended Complaint was filed, that the evidence supported Senese's claim to 1992 benefits. The district court's conclusion to the contrary was clearly erroneous, and under these circumstances, sanctions were warranted.

The Fund next complains that Senese lacked a reasonable basis for his claim, under sec. 502(a)(1)(B) of ERISA, 29 U.S.C. sec. 1132(a)(1)(B), for interest on the sixteen months of benefits that were eventually awarded by the trustees after they adjusted his eligibility date to June 1993. According to the Fund, this claim was frivolous because the plan did not provide for interest on delayed benefits. Under ERISA sec. 502(a)(1)(B), which authorizes suits for unpaid benefits, plan participants or beneficiaries may not recover "extracontractual damages," but instead are limited to recovering only the benefits specified in the plan. See Harsch v. Eisenberg, 956 F.2d 651, 655 (7th Cir. 1992) (citing Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985)); Clair v. Harris Trust & Savings Bank, 190 F.3d 495, 497 (7th Cir. 1999). Accordingly, in Clair, we held that a claim solely for interest on delayed benefits could not be pursued under sec. 502(a)(1)(B) if the plan did not provide for interest, but we also held that such a claim could be brought under sec. 502(a)(3)(B) of ERISA, which allows equitable relief to address plan violations. 190 F.3d at 497-99. The Fund's complaint, therefore, is that Senese sued under the wrong section of ERISA.

However, merely invoking the wrong statutory section or legal theory would not have been fatal

to Senese's complaint. See Teumer v. General Motors Corp., 34 F.3d 542, 545 (7th Cir. 1994); Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1134 (7th Cir. 1992); Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). And at the time the Second Amended Complaint was filed, there was at least some uncertainty about the viability of a claim for interest on delayed benefits under sec. 502(a)(1)(B). See Fotta v. Trs. of the United Mine Workers of Am., 165 F.3d 209, 213 n.1 (3d Cir. 1998) (declining to rule out such a claim). Of course, once that uncertainty was removed in this circuit in Clair, the claim for interest on delayed benefits under sec. 502(a)(1)(B) was no longer viable. However, it appears that neither party was aware of our decision in Clair until the eve of trial (less than a month after Clair), and under these circumstances, we think the district court was within its discretion in declining to impose sanctions.

We reach the same conclusion with respect to the Fund's argument that Senese's request for prejudgment interest on his claim for three months of unpaid benefits was also frivolous. The Fund asserts, without analysis, that because interest is not provided for in the plan, this request under sec. 502(a)(1)(B) is also frivolous. But Clair did not address a request for prejudgment interest accompanying a claim for unpaid benefits, and a plausible argument could be made that there is a distinction for purposes of sec. 502(a)(1)(B) between an award of prejudgment interest on denied benefits and an independent action solely to recover interest on delayed benefits. See Ford v. Uniroyal Pension Plan, 154 F.3d 613, 618 (6th Cir. 1998) ("Awards of prejudgment interest pursuant to sec. 1132(a)(1)(B) . . . simply compensate a beneficiary for the lost interest value of money wrongly withheld from him or her."); Cefali v. Buffalo Brass Co., 748 F. Supp. 1011, 1025 (W.D.N.Y. 1990) (noting the distinction between prejudgment interest and interest on delayed benefits); DeVito v. Pension Plan of Local 819 I.B.T. Pension Fund, 975 F. Supp. 258, 272 (S.D.N.Y. 1997) (same); but see Hizer v. General Motors Corp., 888 F. Supp. 1453, 1461 (S.D. Ind. 1995) (concluding that there appears to be "no rationale for drawing a distinction between prejudgment interest and interest on delayed payment"). Whatever the merits of this argument, it is not so obviously frivolous so as to require reversal of the district court's decision that sanctions were unwarranted. See TMF Tool Co. v. Muller, 913 F.2d 1185, 1191 (7th Cir. 1990) (because position was not contrary to controlling authority from this court, it was not sanctionable as a mater of law)./3

Finally, the Fund asserts that Senese filed this lawsuit to harass the Fund and to gain a political advantage in union elections. Rule 11 may be violated when, even if the claims are well based in fact and law, parties or their attorneys bring the action for an improper purpose. Burda v. M. Ecker Co., 2 F.3d 769, 773-74 (7th Cir. 1993); Mars Steel, 880 F.2d at 931-32. In support of its claim of bad faith, the Fund asserts that Senese deposed only the potential witnesses that had the most knowledge of union-related political matters, asked many questions in those depositions that sought political information unrelated to this lawsuit, and used information from those depositions to advance his political ends. The district court, which is in a better position than we are to judge Senese's motives, rejected the Fund's argument that Senese brought the lawsuit for an improper purpose. And while we might have drawn a contrary conclusion, the Fund's evidence is insufficient to convince us that the district court's finding was clearly erroneous.

## 2. Attorneys' fees

Under ERISA, the district court may in its discretion award attorneys' fees to either party. 29 U.S.C. sec. 1132 (g)(1). There is a "modest presumption" in favor of awarding fees to the prevailing party, but that presumption may be rebutted. Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co., 57 F.3d 608, 617 (7th Cir. 1995). An award of fees to a successful defendant may be denied if the plaintiff's position was both "substantially justified"-- meaning something more than non-frivolous, but something less than meritorious--and taken in good faith, or if special circumstances make an award unjust. Id. at 616-17 & n.4; see also Trustmark Life Ins. Co. v. Univ. of Chicago Hosps., 207 F.3d 876, 884 (7th Cir. 2000)./4 We review the district court's determination for an abuse of discretion, and will affirm if the determination has a basis in reason. Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 592 (7th Cir. 2000); Little v. Cox's Supermarkets, 71 F.3d 637, 644 (7th Cir. 1995).

The district court denied the Fund's motion for attorneys' fees based on its finding that Senese's claims were substantially justified and were not pursued in bad faith. We find no abuse of discretion in the court's conclusion that there was no bad faith, and that Senese's claims for interest were not entirely groundless. However, as we discussed above, we conclude that Senese's claim for 1992 benefits was frivolous,

and because, with respect to this claim, the basis of the court's decision on fees was clearly erroneous, it was an abuse of discretion./5

III

Accordingly, we Affirm the district court's decision granting judgment to the Fund on Senese's claim for benefits and interest. We Affirm in part and Reverse in part the court's decision denying the Fund's motion for Rule 11 sanctions, and Affirm in part and Reverse in part the court's decision denying the Fund's motion for attorneys' fees under sec. 502(g)(1) of ERISA. We Remand for further consideration of the various fees and sanctions issues on which we reverse. To ensure an expeditious resolution of these issues, and because the district judge does not sit in this circuit, Circuit Rule 36 will apply on remand.

/* The Hon. Warren K. Urbom, United States District Judge for the District of Nebraska, sitting by designation.

/1 In any event, Senese's arguments on the merits of his claim regarding the summary plan description are unpersuasive. Even if there was a sufficient direct conflict between the plan and summary plan descriptions on the question of retroactive benefits (an issue we do not decide), the former controls because Senese has not alleged (or identified any evidence of) reliance on the latter. See Clair v. Harris Trust & Sav. Bank, 190 F.3d 495, 499 (7th Cir. 1999); Health Cost Controls of Ill., Inc. v. Washington, 187 F.3d 703, 711 (7th Cir. 1999). His failure to allege or offer evidence of reliance comes as no surprise given that Senese was plan manager at the time the plan was amended to include the purportedly conflicting provision.

/2 At oral argument, Senese's counsel suggested that Senese thought he was entitled to some sort of temporary benefits in the interim between his work for the Local and his work for Merkel, but counsel has identified no provision in the plan warranting such an expectation. Her client's subjective belief in the righteousness of his cause is insufficient to satisfy Rule 11; counsel must make an investigation to determine whether that subjective belief is reasonably supported by the facts and law. Mars Steel, 880 F.2d at 932.

/3 Because Senese's claim for 1992 benefits was frivolous, the fact that we decline to reverse the district court's conclusion on the interest claims does not get Senese or his counsel off the hook for Rule 11 purposes. "A litigant cannot

expect to avoid all sanctions under Rule 11 merely because the pleading or motion under scrutiny was not entirely frivolous." Retired Chicago Police Ass'n v. Firemen's Annuity & Benefit Fund of Chicago, 145 F.3d 929, 935 (7th Cir. 1998) (quoting Melrose v. Shearson/Am. Express, Inc., 898 F.2d 1209, 1215 (7th Cir. 1990)); Hill v. Norfolk & W. Ry. Co., 814 F.2d 1192, 1200 (7th Cir. 1987); Frantz v. U.S. Powerlifting Fed'n, 836 F.2d 1063, 1067 (7th Cir. 1987).

/4 Courts in this circuit may also use a multi-factored test to determine whether to award attorneys' fees. Brewer v. Protexall, Inc., 50 F.3d 453, 458 (7th Cir. 1995). That test examines: (1) the degree of the offending party's culpability or bad faith; (2) the offending party's ability to satisfy an award of fees; (3) whether the award of fees would deter other persons under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions. Id.; Harris Trust, 57 F.3d 608, 617 n.5. But because the district court applied the "substantially justified" test, we examine its exercise of discretion under that standard.

/5 The district court made no finding with respect to special circumstances that might make an award of fees unjust, and therefore on remand, the court may take any such circumstances into account in fixing the amount of attorneys' fees. See Little, 71 F.3d at 644-45.