**Brian R. NANAVATY, Plaintiff–Appellant,**

v.

**CITY OF INDIANAPOLIS, et al., Defendants–Appellees.**

No. 02–1203.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 7, 2002.

Decided Aug. 19, 2002.

Before BAUER, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Brian R. Nanavaty brought this civil rights action, *see* 42 U.S.C. § 1983, alleging that officials of the Indianapolis Police Department refused to promote him because he spoke to the media about police misconduct. We affirm.

Nanavaty joined the Department as an officer in 1984. He was promoted to sergeant in 1988 and to lieutenant in 1992. In September 1995 the police chief appointed Nanavaty deputy chief. Unlike merit-based positions such as sergeant, lieutenant, major, and captain, deputy chiefs are appointed and serve at the discretion of the chief.

In January 1997 a new police chief, Michael Zunk, demoted Nanavaty to lieutenant. In February 1998 a television report-

er interviewed Nanavaty regarding a past investigation of corrupt police officers. During the interview Nanavaty remarked that he was not surprised that officer misconduct went unnoticed in the Department. Zunk was disappointed by these comments. In February 1999 Nanavaty filed a grievance alleging that Zunk had treated him unfairly by forcing him to supervise two shifts of officers and by refusing his request for an audit of work assignments. The grievance, however, was denied. In early 1999 Zunk appointed several officers to major but did not select Nanavaty.

In September 1999 Nanavaty brought this First Amendment action alleging that the Department and several of its officials (including Zunk) unlawfully retaliated against him by failing to promote him due to his media interview.[1] In December 2001 the district court entered summary judgment in favor of the defendants. After Nanavaty filed his notice of appeal, the Department promoted him to captain.

In his appeal brief Nanavaty (represented on appeal by different counsel) does not explain how the district court erred by entering summary judgment. Instead he iterates the allegations contained in his complaint, asserting that the defendants failed to promote him in retaliation for his comments to the media. Nanavaty's brief is rife with assertions that the defendants vowed never to promote him to any position. But while this appeal was pending, Nanavaty *was* promoted to captain, leading to a bizarre concession at page five of his brief: "Since Nanavaty's attainment of the number one spot on the promotion list, no person has been promoted to the rank of captain. (Except that Nanavaty has actually recently been promoted to Cap-

tain)." Nanavaty's counsel apparently drafted the crux of his brief before he learned of the promotion. Now this claim is moot.

Instead of dropping his appeal, however, Nanavaty persists in attacking the district court's entry of summary judgment on his claim that the defendants' failure to promote him to *major* was unlawful retaliation. As an employer, government entities have an interest in regulating speech that differs from their interest in regulating the speech of citizens. *See Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Connick v. Myers*, 461 U.S. 138, 150–51, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Myers v. Hasara*, 226 F.3d 821, 825–26 (7th Cir.2000). *Pickering* requires this court to ask (1) whether the speech addresses a matter of public concern; and (2) whether the employee's interest in expression trumps the employer's interest in promoting efficient public service. *Pickering*, 391 U.S. at 568, 88 S.Ct. 1731.

The *Pickering* analysis, however, does not control situations in which policy-making employees criticize office policies. "[D]rawing from the principles established in the closely analogous patronage cases, we have recognized that the First Amendment does not prohibit the discharge of a policy-making employee when that individual has engaged in speech on a matter of public concern in a manner that is critical of superiors or their policies." *Vargas–Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 971 (7th Cir.2001); *see also Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995); *Wilbur v. Mahan*, 3 F.3d 214, 219 (7th Cir.1993). Relying on this precedent, the district court concluded that "major" is

---

1. Nanavaty alleged other acts of retaliation and other causes of action not relevant to his appeal.

a policy-making position and that Nanavaty's comments were critical of his supervisors.

On appeal, however, Nanavaty does not assert that the district court erred in reaching this conclusion (or better yet, explain *how* the court erred); he has therefore waived any challenge on appeal. *See Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir.2001). Waiver notwithstanding, the court correctly concluded that the Department's failure to promote Nanavaty to major was permissible. There is no dispute in the record that "major" is a policy-making position. And although not addressed by either party, Nanavaty's comments were critical of his superiors. Nanavaty stated that he was not surprised that the actions of an officer charged with murder "slipped through the system" and that an immediate supervisor had failed to investigate allegations made against the officer.

AFFIRMED.