**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MIANNA C. FORRESTER,

      Plaintiff-Appellant,

v.

METROPOLITAN LIFE
INSURANCE COMPANY;
RAYTHEON COMPANY,

      Defendants-Appellees.

No. 06-3010
(D.C. No. 04-CV-1204-JTM)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **ANDERSON**, and **McCONNELL**, Circuit Judges.

---

Plaintiff Mianna C. Forrester applied for benefits under defendant Raytheon

Company's Employee Group Long-Term Disability Plan based on fatigue and

pain associated with fibromyalgia, sleep disorder, and depression. Following the

denial of her claim by defendant Metropolitan Life Insurance Company, which is

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Plan's claims administrator, she brought this action for judicial review under the civil enforcement provision of the Employee Retirement Income Security Act (ERISA), *see* 29 U.S.C. § 1132(a)(1). On cross-motions for summary judgment, the district court held that Metropolitan's determination of the disability claim was procedurally proper and supported by substantial evidence. Ms. Forrester appeals, and we affirm.

Ms. Forrester's procedural objection to the determination of her claim is undercut by this court's recent decision in *Metzger v. UNUM Life Insurance Co. of America*, 476 F.3d 1161 (10th Cir. 2007). She argues that Metropolitan was required, as part of its duty of "full and fair" review under 29 U.S.C. § 1133(2), *see also* 29 C.F.R. § 2560.503-(1)(h)(2)(iii), to provide her with reports obtained from health care professionals consulted, after the initial denial of her claim, pursuant to 29 C.F.R. § 2560.503-1(h)(3)(iii), (4). Specifically, she contends that before Metropolitan decided her administrative appeal she should have been provided, and given the opportunity to rebut, the reports of non-examining consultants Mark R. Brown (rheumatologist), J. W. Rodgers (pulmonologist), and Lee H. Becker (psychiatrist), who reviewed the evidence submitted on her behalf and confirmed the initial determination that her conditions did not render her disabled under the Plan. In *Metzger* we held that the duty of full and fair review does not require the disclosure of such reports until *after* determination of a claimant's administrative appeal. *Metzger*, 476 F.3d at 1165-68.

*Metzger* indicated that ERISA review obligations could require disclosure of consultant reports if they "analyze evidence [not] already known to the claimant" and thus interject "new factual information or novel diagnoses" into the case at the administrative-appeal level. *Id.* at 1167. While the reports at issue basically just review the record as supplemented by additional evidence submitted on Ms. Forrester's behalf, they do mention two telephone conversations that the consultants initiated with Ms. Forrester's medical providers. We need not decide whether conversations with a claimant's own providers (to whom she obviously has direct access) fall within the exception to *Metzger's* non-disclosure rule, as any omission in this respect did not cause material prejudice and, absent that, substantial compliance with ERISA full and fair review requirements is sufficient, *see, e.g.*, *Hickman v. GEM Ins. Co.*, 299 F.3d 1208, 1215 (10th Cir. 2002); *Sage v. Automation, Inc. Pension Plan & Trust*, 845 F.2d 885, 893-95 (10th Cir. 1988); *see also Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 634 (10th Cir. 2003) (applying substantial-compliance rule to determine if administrator's decisional delay should alter standard of review in ERISA case).

In one conversation, a therapist who saw Ms. Forrester once a month for depression described her condition in a manner consistent with other evidence in the record (and the decisions denying her disability claim) indicating that her mood disorder was not the primary issue impacting her return to work and that she had essentially normal mental functioning, *compare* App. at A128-29 *with id.*

at A113, A218, A327-29, A332. In the other conversation, a doctor who saw Ms. Forrester for sleep apnea in early 2004 simply recounted the medically uncontroverted fact that treatment had relieved the complaint. *See id.* at A132-33. In short, considering the substance of these telephone conversations in light of the rest of the record, it is evident that their disclosure would not have altered the administrative disposition under review and "no purpose would be served by a [remand for] further, but procedurally correct, review of [Ms. Forrester's] claims" under the Plan, *Sage*, 845 F.2d at 895; *see also Hickman*, 299 F.3d at 1215.

Ms. Forrester raises two narrow substantive issues, both relating to the opinions of Dr. Tracey Schmidt, a rheumatologist relied on by Metropolitan for its determination that Ms. Forrester retained the physical functional capacity to "perform each of the material duties of [her] regular job," thereby precluding a finding of disability under the Plan, App. at A48. She argues that Dr. Schmidt's report is undercut by a failure to consider (1) an "Employer Statement of Job Demands," which indicated that Ms. Forrester's job potentially involved more walking than other evidence suggested, and (2) evidence that Ms. Forrester's husband may have performed some services that a home health aide would provide (Dr. Schmidt had pointed out that Ms. Forrester had not employed a home health aide). The district court touched on these two points in passing, noting that they had not been raised in the administrative proceedings. Metropolitan continues to press this waiver point under the rubric of administrative exhaustion,

but also argues that the cited evidence does not in any event materially undermine its administrative decision.

This circuit, like others, has recognized an exhaustion rule for ERISA claims derived not from an explicit statutory directive but from "ERISA's overall structure of placing primary responsibility for claim resolution on fund trustees." *McGraw v. Prudential Ins. Co. of Am.,* 137 F.3d 1253, 1263 (10th Cir. 1998). We have, accordingly, applied a rule barring ERISA claims that were not previously pursued administratively (i.e., claim exhaustion). But we have not extended this rule to bar subsidiary arguments urged on judicial review in support of a claim itself fully exhausted in the administrative process (i.e., issue exhaustion). The authority cited for Metropolitan's position on this point consists of two cases from the Northern District of Illinois. The Seventh Circuit, however, has thus far "decline[d] to explore" whether the exhaustion bar should apply to subsidiary arguments advanced with respect to exhausted ERISA claims, *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001), and there is other authority (including from the Northern District of Illinois) affirmatively rejecting issue exhaustion in the ERISA context, *see, e.g.*, *Wolf v. Nat'l Shopmen Pension Fund*, 728 F.2d 182, 186 (3d Cir. 1984); *Bahnaman v. Lucent Techs., Inc.*, 219 F. Supp. 2d 921, 925 (N.D. Ill. 2002) (following *Wolf*).

The approach in *Wolf* is buttressed by the rejection of issue exhaustion under the Social Security Act in *Sims v. Apfel*, 530 U.S. 103 (2000). The *Sims*

Court explained that "[t]he basis for a judicially imposed issue-exhaustion requirement is an analogy to the rule that appellate courts will not consider arguments not raised before trial courts," *id.* at 108-09, and, thus, adoption of such a requirement "depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding," *id.* at 109. ERISA, like the Social Security Act, was meant "to provide a nonadversarial method of claims settlement." *Gaither v. Aetna Life Ins. Co.*, 388 F.3d 759, 774 (10th Cir. 2004) (quotation omitted). Indeed, promotion of this nonadversarial process is a primary reason for requiring claim exhaustion under ERISA. *See, e.g.*, *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1209 (11th Cir. 2003); *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002).

In light of the above considerations, Metropolitan's waiver argument does not offer an uncontroversial basis for deciding this appeal. As explained below, however, there are other bases for affirming the judgment under review, so we leave the question of issue exhaustion for another case where its resolution may be necessary to the outcome.

First of all, there is another, enforceable waiver rule implicated here. An issue not properly raised in the district court is deemed waived on appeal. *Hardin v. First Cash Fin. Servs., Inc.*, 465 F.3d 470, 478 n.3 (10th Cir. 2006). While Ms. Forrester mentioned in the facts section of her summary judgment brief that it was uncertain whether Dr. Schmidt had considered the job description or the

assistance provided by her husband noted above, *see* App. at A357-58, she never argued, as to her motion or in response to Metropolitan's cross-motion, that this uncertainty negated the substantial evidence necessary to support the denial of benefits or otherwise required reversal of the decision, *see id.* at A362-71; *id.* at A372-75. Indeed, the marginalization of these points from the administrative process onward understandably led the district court to discount them in summary fashion in the course of its discussion of the evidence. The failure to present supporting argument can result in the loss of even formally designated issues, *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (collecting cases); *a fortiori*, the lack of argument is fatal to issues only informally suggested in the factual summary of a brief. The isolated statements in Ms. Forrester's brief merely "suggest[ing] dissatisfaction" with Dr. Schmidt's opinion "fail[ed] to frame and develop an issue." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Moreover, Ms. Forrester's opposition to Dr. Schmidt's opinion does not reach far enough to materially undermine the overall determination under review. In particular, we note that another rheumatologist, Dr. Mark Burns, was consulted by Metropolitan on administrative appeal and, after independently reviewing the record, also concluded that Ms. Forrester had the physical capacity to perform her job. *See* App. at A120-23. As no objection has been advanced with respect to Dr. Burns' report, we need not resolve whether and to what extent Dr. Schmidt's

report might be undercut.  *Cf. Murrell*, 43 F.3d at 1389-90 (recognizing that challenge to only one of two bases for determination is inherently inadequate).

Confining ourselves, appropriately, to the issues properly preserved and presented on appeal has obviated any need to present much commentary on the district court's order in this case.  It should be acknowledged, however, that the district court's decision contains a thorough discussion of an ample administrative record supporting the decision denying benefits.

The judgment of the district court is AFFIRMED.

Entered for the Court


Michael W. McConnell
Circuit Judge