NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2011[*]
Decided February 17, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2097

| | |
|---|---|
| PAMELA CADENHEAD, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 C 3929 |
| MICHAEL J. ASTRUE, Commissioner of Social Security *Defendant-Appellee*. | Jeffrey N. Cole, *Magistrate Judge*. |

**O R D E R**

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Pamela Cadenhead claims to be disabled by emphysema. The Social Security Administration denied her application for Disability Insurance Benefits, and a magistrate judge, presiding by consent, upheld that decision. Cadenhead appeals from the court's adverse ruling, but because she has not developed an argument challenging the agency's determination, we dismiss her appeal.

This matter has taken 11 years to reach us. Cadenhead, who is now 65, was first diagnosed with emphysema in early 1998. She applied for benefits in 1999, but her date last insured was December 31, 1995, so she was not eligible for benefits unless she became disabled by that date. From 1970 to 1991 she worked for the University of Chicago as a contracts manager. She quit that job when she no longer needed the income, and by 1994 she had opened a take-out pizzeria, which operated six days per week and remained in business until 2000. Cadenhead's testimony about her hours and responsibilities was inconsistent and sometimes contradicted not only her written application for benefits but also the statements of her husband and sons. The administrative law judge noted that Cadenhead had reported working 8- to 10-hour days making dough, taking phone orders, keeping records, ordering and managing inventory, and supervising her sons who were helping without pay.

The evidence before the ALJ focused on whether Cadenhead was suffering from emphysema before that condition was diagnosed and, if so, for how long and to what extent. Her medical records confirm only seven visits to doctors from 1991 through 1995. During those years she was treated for an elbow injury, headaches, a cough and sore throat, vomiting, and wheezing. Her primary-care physician noted mild rhonchi in connection with her one complaint of wheezing, but that was in early 1991, and subsequent examinations in 1992, 1993, and 1994 showed her lungs to be clear. Shortness of breath is nowhere mentioned in the medical records predating the end of 1995. Cadenhead, a longtime smoker, was treated for upper-respiratory infections in early 1997 and again in January 1998, but it was not until February 1998 that she was diagnosed with emphysema linked to her smoking. Then in January 2001, after Cadenhead had finished presenting her case to the ALJ, a physician who first treated her after the diagnosis opined that her emphysema was now severe, and that the progressive disease had "certainly been present for over 10 years." Yet when the doctor offered this opinion, he still did not say that the disease had been *disabling* before the end of 1995, and most of his conclusions about Cadenhead's ability to work focused on the effects of a 2000 back injury and the osteoporosis diagnosed that same year. Not until eight months later, after the ALJ had ruled against Cadenhead, did the doctor first assert that she had been disabled by emphysema in 1995. Two other physicians testified about the progression of the disease: They agreed that it was disabling by February 1998, but one doctor said that Cadenhead's medical records did not support a conclusion that the disease had reached that stage by the

end of 1995, and the other, although conceding that his view was not supported by objective medical evidence, speculated that Cadenhead "probably" was disabled by her date last insured.

The ALJ evaluated Cadenhead's application using the required 5-step analysis, *see* 20 C.F.R. § 404.1520, and concluded that she was not disabled before her date last insured. The ALJ reasoned that Cadenhead was self-employed before and after her insured status ended, and had failed to prove that her activities as the "driving force" behind the pizza venture did not constitute substantial gainful activity. *See* 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.446, .447, .1575; S.S.R. 76-21c, 83-34. The ALJ also concluded that apart from being employed, Cadenhead's emphysema was not severe enough to be disabling before the end of 1995.

In her brief to this court, Cadenhead has not developed an argument challenging the ALJ's reasons for denying benefits. She speculates that her emphysema might have gone undiagnosed for years, but we must sustain the agency's decision if it rests on substantial evidence, 42 U.S.C. § 405(g); *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004), and Cadenhead does not argue that the ALJ lacked evidence to support his findings that after 1995 she continued to engage in substantial gainful activity and was not disabled by the disease. Appellants, including those who are *pro se*, must present arguments supported by legal authority and citations to the record. FED. R. APP. P. 28(a)(9)(A); *Correa v. White*, 518 F.3d 516, 517 (7th Cir. 2008); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A generalized assertion of error is not sufficient to challenge an adverse ruling, *Anderson*, 241 F.3d at 545, and undeveloped or unsupported contentions are waived, *Long v. Teachers' Ret. Sys. of State of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009); *Jones v. InfoCure Corp.*, 310 F.3d 529, 534 (7th Cir. 2002). Moreover, when multiple elements of a claim have been decided against the appellant—as is true in this case—the decision must stand unless she demonstrates error at each step. *See Maher v. City of Chicago*, 547 F.3d 817, 821 (7th Cir. 2008); *Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 528-29 (7th Cir. 2003); *Senese v. Chi. Area I.B. of T. Pension Fund*, 237 F.3d 819, 823 (7th Cir. 2001). Cadenhead has not made a sufficient effort to do so, and accordingly, her appeal must be DISMISSED.