**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 5, 2012[*]
Decided January 8, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1291

| | |
|---|---|
| SUSIE WEITZENKAMP, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-C-1017 |
| UNUM LIFE INSURANCE COMPANY <br> OF AMERICA, <br> *Defendant-Appellee.* | William C. Griesbach, <br> *Judge*. |

**O R D E R**

Susie Weitzenkamp appeals the denial of attorney's fees in this ERISA case in which we reversed summary judgment in favor of Unum Life Insurance Company. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C). This appeal is decided in accordance with Rule 6(b) of the Seventh Circuit Operating Procedures.

We assume familiarity with our prior opinion, *Weitzenkamp v. Unum Life Ins. Co. of Am.*, 661 F.3d 323 (7th Cir. 2011), and set forth here only those facts necessary to understand the matter now before us. Weitzenkamp, a former sales representative for Time Warner Cable Inc., participated in an employee benefit plan administrated by Unum and governed by ERISA. The plan gives Unum discretion to determine participants' eligibility for benefits and to interpret the plan's terms. After Weitzenkamp was diagnosed with fibromyalgia, she sought long-term disability benefits under the plan. Unum approved Weitzenkamp's request but discontinued benefits after two years, citing the plan's self-reported symptoms limitation. The limitation clause states that benefits cease after two years for those with "[d]isabilities, due to sickness or injury, which are primarily based on self-reported symptoms." Self-reported symptoms are defined as those that "are not verifiable using tests, procedures or clinical examinations."

Weitzenkamp then filed this suit under ERISA, 29 U.S.C. §§ 1001 *et seq.*, claiming that Unum's decision to cease benefits was arbitrary and capricious. The district court granted summary judgment for Unum. On appeal we reversed the district court's judgment, concluding that although Unum had read the limitation clause literally to apply to all illnesses or injuries for which the *disabling symptoms* are self reported, "the only viable conclusion" given the context "is that the self-reported symptoms limitation applies to disabling illnesses or injuries that are *diagnosed* primarily based on self-reported symptoms." *Weitzenkamp*, 661 F.3d at 330. Because Weitzemkamp underwent a "trigger test"—a test where a doctor presses down on 18 fixed locations on the patient's body to determine whether the patient has fibromyalgia—we concluded that the diagnosis was supported by objective medical evidence and the self-reported symptoms limitation did not apply. *Id.* at 331.

Back in district court, Weitzenkamp moved for attorney's fees as a party who obtained some degree of success in the litigation. *See Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2158 (2010); *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 494 (7th Cir. 2011); 29 U.S.C. § 1132(g)(1). The district court denied the motion, concluding that Unum's litigation position was substantially justified because the plan confers discretion on Unum to interpret its provisions, the interpretation of the self-reported symptoms limitation was a novel issue in this circuit, and Unum's interpretation was supported by the limitation's plain language. The district court also applied a multi-factor test for determining whether to award attorney's fees in ERISA cases, *see Herman v. Cent. States, Se. and Sw. Areas Pension Fund*, 423 F.3d 684, 696 (7th Cir. 2005), and concluded that there is no evidence that Unum was "out to harass" Weitzenkamp, that the merits of the parties' positions were close, that only a small number of plan beneficiaries would benefit from the new interpretation, and that an award would not deter others' conduct in the future because Unum lost on a "garden variety legal dispute over the meaning of a particular contract."

On appeal Weitzenkamp argues that by refusing to award attorney's fees, the district court ignored our underlying opinion endorsing her interpretation of the self-reported symptoms limitation. *See Laborers Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 615 (7th Cir. 2009); *Senese v. Chicago Area Int'l Bd. of Teamsters Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001). But parties who achieve some degree of success in ERISA cases are not automatically awarded attorneys' fees; they must show that the other party's litigating position was not "substantially justified." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 506 (7th Cir. 2011). And here the district court concluded that although Unum lost on appeal, the limitation clause had not yet been interpreted in this circuit and so Unum's litigation position was justified and taken in good faith. *See Pakovich*, 653 F.3d at 495; *Davidson v. Canteen Corp.*, 957 F.2d 1404, 1409–10 (7th Cir. 1992). As we pointed out in the first appeal, Unum's interpretation was simply a literal reading of the clause, and the plan gave Unum discretion to interpret its terms. *Weitzenkamp*, 661 F.3d at 330. The district court's conclusion that Unum's position had a reasonable basis in law and fact is amply supported. *Herman*, 423 F.3d at 696.

Weitzenkamp also targets two of the factors in the multi-factor test. First she argues that the district court erroneously concluded that only a small number of plan beneficiaries would benefit from the new interpretation of the limitation. *See Senese*, 237 F.3d at 826 n.4. Second she asserts generally that the district court erred in its analysis of another factor by failing to recognize the deterrent effect of shifting fees to Unum. *See id*. Although the court may have overestimated the increased costs to the plan or inadequately considered the deterrent effect, the five-factor test is simply a way to implement the substantial justification test. *See Raybourne v. Cigna Life Ins. Co. of New York*, 2012 WL 5870713, *12 (7th Cir. Nov. 21, 2012). As we have concluded on that bottom-line determination that Unum's position was substantially justified, the court did not abuse its discretion.

All other arguments raised by Weitzenkamp are without merit and do not warrant discussion.

**AFFIRMED**.